## INGALLS *v.* BISSOT.

[No. 3,224. Filed June 21, 1900.]

LANDLORD AND TENANT. —*Lease.*—*Rent Payable in Advance.*—*Notice to Quit.*—*Demand for Rent.*—Where a tenant from month to month by the terms of his lease is to pay his rent in advance, it is not necessary, in an action for possession for failure to pay rent when due, to prove notice to quit or a demand for the rent.

From the Lawrence Circuit Court. *Affirmed.*

*J. H. Smith* and *W. H. Consalus,* for appellant.
*J. E. Boruff* 'and *J. H. Underwood,* for appellee.

BLACK, J.—This was an action commenced before a justice of the peace by the appellee against the appellant for the recovery of the possession of certain premises held by the appellant as the appellee's tenant from month to month, the rent, by the terms of the contract, being payable in advance, and the tenant having neglected to pay the rent for the current month.

In the discussion of the action of the court below in overruling the appellant's motion for a new trial, it is contended for the appellant that to maintain the action it was necessary to prove notice to quit and a demand for the rent.

Our statute relating to landlord and tenant §7088 *et seq.* Burns 1894, §5207 *et· seq.* Horner 1897, provides what notice may be available to terminate estates at will, tenancies from year to year, and all tenancies which by agreement of the parties, express or implied, are from one ·period to another of less than three months' duration; and it is provided that if a tenant neglect or refuse to pay rent when due, ten days notice to quit shall determine the lease, when not otherwise provided therein or agreed to by the parties, unless such rent be paid at the expiration of said ten days. It is further provided, that where the landlord agrees with

the tenant to rent the premises to him for a specified period of time; or where the time of the determination of the tenancy is specified in the contract; or where a tenant at will commits waste; or in the case of a tenant at sufferance; or where, by the express terms of the contract (as in the case at bar) the rent is to be paid in advance, and the tenant has entered, and refuses or neglects to pay the rent; and in any case where the relation of landlord and tenant does not exist—no notice to quit shall be necessary. In either of such cases, the owner of the premises is entitled to recover possession without notice to quit.

It is also provided by §7106 Burns 1894, §5225 Horner 1897: "Whenever, in pursuance of legal notice, or otherwise, any landlord or his legal representative shall be entitled to possession of lands, he may, by himself or his agent, have any tenant who shall unlawfully hold over removed from such lands, on complaint before a justice of the peace of the county in which such lands lie, specifying the matters relied on to justify such removal and the damages claimed for detention, describing the premises with reasonable certainty."

The case before us is such a proceeding, the plaintiff being entitled to possession by reason of the failure of the tenant to pay rent in advance, and such failure being specified as the matter relied on to justify the removal of the tenant.

The recital of the statutory provisions would seem to be a sufficient reply to the appellant's claim in argument.

By the express provision of the statute, the notice to quit necessary to determine the lease in the case of a tenant neglecting or refusing to pay rent due, but not by the terms of the contract payable in advance, was not necessary in the case at bar. The failure to pay the rent in advance was all that was needed to entitle the landlord to treat the lease as determined and to bring his proceeding for the removal of the tenant as one unlawfully holding over after the termina-

tion of the tenancy, as may be done when the time for the determination of the tenancy is specified in the contract and the tenant is unlawfully holding over after its expiration, or as may be done in the other instances wherein it is provided, as above stated, that no notice to quit shall be necessary.

The failure to pay the rent in advance, as expressly agreed, has, under the statute, the effect that would accrue upon the termination of the period specified in a notice to quit in a case wherein under the statute a tenancy may be terminated by such notice, or by such notice and failure to pay rent at the expiration of the period of notice.

An action for the recovery of any rent due might be maintained without previous demand; and a demand for rent was not needed for the purpose of forfeiting the lease. Under the provisions of the statute the lease was determined, and the holding over of the lessee was rendered unlawful, by the mere neglect to pay the rent in advance. See, *McNatt* v. *Grange Hall Assn.*, 2 Ind. App. 341; *Thomas* v. *Walmer*, 18 Ind. App. 112.

Judgment affirmed.