## BROWN v. THOMPSON.

[No. 6,616.    Filed January 25, 1910.]

1. LANDLORD AND TENANT.—*Justices of the Peace.—Complaints before.—Sufficiency.*—A complaint before a justice of the peace is sufficient if it apprises the defendant of the nature of the plaintiff's demand, and states facts sufficient to bar another action for the same cause.    p. 189.

2. LANDLORD AND TENANT.—*Complaint before Justice of the Peace.*—A complaint before a justice of the peace, alleging that the plaintiff's lessor rented to the defendant, for two years, a certain room in her hotel, that defendant took and now holds possession thereof, that the rent was payable monthly in advance and defendant failed to pay same, that defendant unlawfully holds possession of such room, that the plaintiff leased such building including the room rented to defendant, to defendant's knowledge, and that plaintiff is damaged in the sum of fifty dollars, states a cause of action.    p. 190.

3. LANDLORD AND TENANT.—*Unlawfully Holding over.—Gist of Action.*—In actions to recover possession of leased premises unlawfully held by tenants, the wrongful possession is the gist of the action.    p. 191.

4. LANDLORD AND TENANT.—*Rent.—Failure to Pay.*—A tenant who agrees to pay in advance a stipulated sum, as rent, on the first day of each month, and who fails to pay same, holds over unlawfully, such failure having determined his tenancy.    p. 191.

5. JUSTICES OF THE PEACE.—*Jurisdiction.—Landlord and Tenant.—Holding over.*—Justices of the peace have jurisdiction over actions to recover possession as against tenants unlawfully holding over    p. 192.

From Fountain Circuit Court; *I. E. Schoonover*, Judge.

Action by Millard F. Thompson against Toney Brown. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*McCabe & McCabe*, for appellant.

*Charles R. Milford*, for appellee.

MYERS, C. J.—Appellee commenced this action against appellant before a justice of the peace, to recover possession of a certain room of a certain building, and for damages. From

the judgment of the justice an appeal was taken to the circuit court. Trial by the court, with special finding of facts, and conclusions of law thereon, and judgment rendered in favor of appellee.

Error is assigned on the action of the circuit court in overruling appellant's demurrer for want of facts to the complaint, and that the court erred in its conclusions of law.

It appears from the complaint that on May 19, 1906, Margaret Smith was the owner of certain real estate in the city of Attica, on which was located a hotel known as the "Revere House;" that she rented the south corner room of said hotel building to the defendant for a period of two years, beginning July 1, 1906, and ending on July 1, 1908, for an agreed rental of $30 per month, payable monthly in advance; that the defendant took possession of said room on July 1, 1906, "and has held possession of same ever since that date, and now is in possession thereof under said lease;" that defendant failed and neglected to pay the rent due for the months of March and April, 1907; "that the defendant unlawfully holds possession of said premises and retains the same from the plaintiff;" "that on February 9, 1907, said Smith leased to plaintiff [appellee] said 'Revere House,' which is a hotel building, including said south corner room leased to defendant by her, by a written lease; that under said lease the plaintiff took possession of said building, including the premises occupied by defendant, which defendant knew prior to March 1, 1907;" "that by defendant's unlawful detention plaintiff is damaged in the sum of $50. Wherefore plaintiff demands judgment," etc.

Formality is not required in stating a cause of action before a justice of the peace. It is sufficient even as against a demurrer, "if the complaint contains sufficient substance to apprise the adverse party of the nature of the demand, and to bar another action for the same thing." *Clifford* v. *Meyer* (1893), 6 Ind. App. 633; *Croker*

v. *Hoffman* (1874), 48 Ind. 207; *Murphy* v. *Lambert* (1877), 59 Ind. 477; *Sherrod* v. *Shirley* (1877), 57 Ind. 13.

While the complaint is somewhat contradictory in its allegations in regard to the possession of the particular room in question, and does not come up to the standard of good pleading in stating the duration of the tenancy of the appellee, yet, in view of the liberal construction to be given complaints in actions commenced before a justice of the peace, we are of the opinion that it is sufficient to inform the opposite party of the nature of complainant's demand, and, the grounds upon which a recovery is sought. The language, though somewhat awkwardly expressed, is nevertheless sufficient to warrant a judgment, which could be pleaded in bar of another action for the same demand.

In substance, the special findings show that in the year 1906 the owner of a certain building known as the "Revere House," in Attica, Indiana, of which building the room in question was a part, in writing leased said room to the appellant from July 1, 1906, to July 1, 1908, at a monthly rental of $30, payable in advance on the first day of each month. On July 1, 1906, appellant took possession of the room under said lease, and continuously thereafter and at the time of the trial was in possession thereof. On February 9, 1907, said owner of said building, in writing, leased to appellee the entire building, including the room leased to appellant, and on February 11, 1907, appellee took possession of said building, by virtue of the lease to him, subject to the rights of appellant, and ever since that time has been, and at the time of the trial was in possession thereof; that prior to March 1, 1907, appellant knew of the lease to appellee and acquiesced therein, and on February 26, 1907, he paid to appellee $20, the proportionate share of the rent for said room for the month of February, 1907. On March 1, 1907, appellant tendered to appellee the rent for said room due on that day. On April 1, 1907, appellant neither tendered nor paid to appellee the rent then due, but did on April 6 tender to

appellee the sum of $60, the full amount of rent due for the months of March and April, which appellee refused to accept. On said April 1, appellee demanded of appellant possession of the room in question, and on said April 6 commenced suit before a justice of the peace for possession thereof and damages. On May 1, 1907, appellant tendered to appellee $90 as rent for the months of March, April and May. Upon the foregoing facts the court stated as a conclusion of law "that plaintiff is entitled to the possession of the real estate and premises sued for herein, that defendant unlawfully holds over and detains same from plaintiff, to plaintiff's damage in the sum of $90."

This appeal was taken from a judgment rendered June 1, 1907.

From the special findings it will be seen that this proceeding was possessory in its nature, and the wrongful possession of the premises in question was the gist of the action.

3. The appellant took possession of the room under an express contract with the owner, whereby he agreed to pay a monthly rental of $30, payable on the first day of the month, in advance. Thereafter said owner, in writing, demised the entire premises, including the part occupied

4. by appellant, to the appellee. It also appears that appellant knew of the lease to appellee, acquiesced therein, and paid to him a pro rata share of the rent for the month of February, and on March 1 tendered to him the rent due for that month. These facts bring the case within the doctrine announced in the case of *Cressler* v. *Williams* (1881), 80 Ind. 366: "Where one claims to be the lessor, and the tenant in possession acquiesces in the claim, and pays the rent, the presumption is that the relation of landlord and tenant exists, and this presumption will prevail, unless overcome by countervailing evidence. Taylor, Landlord and Tenant, §22, n." See, also, *Dunshee* v. *Grundy* (1860), 15 Gray 314; *Lindley* v. *Dakin* (1859), 13 Ind. 388.

On April 1 appellant failed to pay or tender to appellee

the rent due on that day, and this failure, under the facts found, was sufficient, under the provisions of the statute, to determine his lease and render his holding over unlawful. §8059 Burns 1908, §5213 R. S. 1881; *Thomas* v. *Walmer* (1897), 18 Ind. App. 112; *Ingalls* v. *Bissot* (1900), 25 Ind. App. 130.

Having concluded that the findings warranted the conclusion that the relation of landlord and tenant existed between appellant and appellee, it follows that this

5. was an action within the jurisdiction of a justice of the peace. §8071 Burns 1908, §5225 R. S. 1881.

Judgment affirmed.