## Templer *v.* Muncie Lodge, I. O. O. F.

[No. 7,524. Filed February 23, 1912. Rehearing denied May 7, 1912.]

1. Landlord and Tenant.—*Lease.*—*Construction.*—A lease is construed in the light of the statutes on the subject of landlord and tenant (§8053 *et seq.* Burns 1908, §5207 *et seq.* R. S. 1881) which are regarded as if written into and constituting a part of the contract. p. 328.

2. LANDLORD AND TENANT.—*Lease.—Termination.*—A lease for a specified term will continue until the expiration of the time named, unless it is sooner terminated in accordance with the provisions of the statutes, or in accordance with some provision of the lease itself, or by agreement of the parties. p. 328.

3. LANDLORD AND TENANT.—*Lease.—Termination.—Rent Payable in Advance.—Statute.*—Under §8059 Burns 1908, §5213 R. S. 1881, where a lease provides for payment of rent in advance, a failure to pay the rent in advance when due terminates the lease at the election of the lessor, and he may bring an action for possession without notice and without demand for either the rent or possession. pp. 328, 329.

4. LANDLORD AND TENANT.—*Lease.—Termination.—Rent Not Payable in Advance.—Notice.*—Where a lease contains no provision for the payment of the rent in advance, and does not provide a forfeiture for such failure, a failure to pay does not *ipso facto* terminate the lease, but it will terminate by operation of §8057 Burns 1908, §5211 R. S. 1881, in case the rent is not paid within ten days after giving notice as therein provided. p. 328.

5. LANDLORD AND TENANT.—*Lease.—Termination.—Provision for Forfeiture.—Rent Not Payable in Advance.—Demand.*—Where the rent is not payable in advance under a lease providing for a forfeiture for failure to pay the rent when due, the lessor may declare a forfeiture under the terms of the lease after first demanding the rent upon the leased premises, unless some other place of payment is stipulated, just before sunset on the day the rent is due. p. 329.

6. LANDLORD AND TENANT.—*Lease.—Forfeiture.—Construction.*—A provision for the forfeiture of a lease on failure to pay rent is a sort of condition subsequent, and is strictly construed. p. 329.

7. LANDLORD AND TENANT.—*Lease.—Waiver of Forfeiture.—Answer.—Sufficiency.*—In an action for possession of leased premises for failure to pay rent, where the answer admitted the possession under a lease providing a forfeiture for failure to pay the rent monthly in advance and admitted the nonpayment of the rent due on each the first days of March and April immediately preceding the time of demanding possession, but averred that plaintiff had never theretofore, during the entire period of the lease, demanded payment monthly in advance and that defendant had never paid the rent monthly in advance and had often delayed the payment for a period of three months or more, and that by reason of plaintiff's acceptance of such payments defendant had been led to believe that plaintiff would not insist upon a forfeiture for failure to pay monthly in advance, the allegations were insufficient to show a waiver of plaintiff's right

to terminate the tenancy for failure to pay the rent admitted to be due. pp. 330, 333.

8. WAIVER.—*Acts Constituting.*—Either the intentional relinquishment of a known right or advantage that might have been insisted upon, or such conduct as warrants an inference of such relinquishment, will constitute a waiver thereof. p. 333.

9. ESTOPPEL. — *Waiver.* — *Distinction.* — While a person cannot waive a right before he is in a position to assert it, he may be estopped from asserting the right by words and conduct causing other persons relying thereon to act in such a way as to place them at a disadvantage. p. 333.

10. LANDLORD AND TENANT.—*Lease.*—*Estoppel of Landlord to Claim Forfeiture for Nonpayment of Rent.*—Where the conduct of a lessor is such as to be reasonably calculated to induce the lessee to believe that he will not insist on the forfeiture of the lease for failure to pay rent when it becomes due, and the lessee by reason thereof, does so believe in good faith, and relying thereon suffers a default to occur when otherwise he would not have done so, the lessor will be estopped from asserting the right to terminate the lease on account of such default. p. 334.

11. LANDLORD AND TENANT.—*Forfeiture of Lease.*—*Estoppel of Landlord.*—*Answer.*—*Sufficiency.*—An answer showing a course of conduct by plaintiff well calculated to mislead defendant and cause him to believe that plaintiff did not at any time intend to insist on its right to terminate the lease for failure to pay rent when due, and averring that defendant did so believe, was insufficient on the ground of estoppel for failure to aver that defendant's default was due to a reliance in the belief thus induced. p. 335.

12. LANDLORD AND TENANT.—*Forfeiture of Lease.*—*Estoppel of Landlord.*—*"Cross-complaint".*—*Sufficiency as Defense.*—A pleading filed by defendant in an action for possession of premises for default in payment of rent, which contained averments sufficient to show that plaintiff was estopped from terminating the tenancy because of such default, was sufficient to constitute a cause of defense, although it was designated as a cross-complaint. p. 335.

13. PLEADING.—*Character of Pleading.*—*Allegations.*—The character of a pleading will be determined from the facts averred therein, and not from the name given to it by the pleader. p. 336.

14. PLEADING.—*Prayer.*—*Determination of Relief Sought.*—A prayer for relief is not decisive, but the relief to which a party is entitled under a pleading must be determined from its material averments. p. 336.

From Jay Circuit Court; *John F. LaFollette*, Judge.

Action by Muncie Lodge, I. O. O. F., against Clayton B. Templer. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*W. A. Thompson* and *R. W. Sprague,* for appellant.

*J. Frank Mann* and *Snyder & Smith,* for appellee.

LAIRY, J.—This action was brought in the trial court to recover possession of certain real estate held by appellant as a tenant of appellee, on the ground that the lease under which appellant held had been terminated or forfeited by a failure to pay rent when due.

As shown by the complaint, plaintiff on December 20, 1900, leased to defendant three office rooms on the second floor of a brick building in the city of Muncie, for a period of five years, with the privilege to defendant of extending the lease for another like period from and after the date of its expiration. By the terms of said lease the rent was payable in advance on the first day of every month, and it was further stipulated therein that should defendant fail to pay said rent in advance when the same should become due, he thereby forfeited his rights under said lease, and agreed to surrender the premises to the lodge on demand.

The complaint further avers that defendant failed and refused to pay the instalments of rent which fell due on March 1 and April 1, 1909, and that on April 2, 1909, plaintiff demanded of defendant the possession of the premises described in the lease, and also, on the same day, caused a written notice to be served on defendant, which demanded that he turn over to plaintiff the immediate possession of said premises, on account of his failure to pay rent as stipulated in the lease. The complaint also avers that defendant refused to surrender possession, and that he unlawfully held over and detained said premises from the possession of plaintiff to its damage in the sum of $50.

Appellant's first contention is that the complaint is insufficient for the reason that it fails to aver a demand for the

rent before declaring a forfeiture of the lease for nonpayment. Appellee contends that as the rent reserved by the lease is payable in advance, no notice or demand for rent was necessary.

A lease will be construed and understood in the light of the statutes of our State on the subject of landlord and tenant. These statutes will be regarded the same as though they were written into and constituted a part of every such contract. A lease entered into for a specified term will continue until the expiration of the time named in the lease, unless it is sooner terminated in accordance with the provisions of our statutes, or unless it is terminated or forfeited in accordance with some provision of the lease itself, or by the consent or agreement of the parties. If the rent stipulated by the terms of the lease is payable in advance, a failure on the part of the lessee to pay such rent in advance when due has the effect by the terms of our statute to terminate said lease at the election of the lessor, and he may bring an action for possession without notice and without demand for either the rent or the possession. §8059 Burns 1908, §5213 R. S. 1881; *Ingalls* v. *Bissot* (1900), 25 Ind. App. 130, 57 N. E. 723; *McNutt* v. *Grange Hall Assn., etc.* (1891), 2 Ind. App. 341, 27 N. E. 325.

If the rent provided for in the lease is not payable in advance, a failure to pay rent when due does not *ipso facto* terminate the lease, and if the lease does not contain a provision to the effect that it shall be forfeited on a failure to pay such rent, the lessor cannot declare a forfeiture on account of such failure to pay rent. In such case, however, the statute provides that he may terminate the lease by giving ten days' notice as provided by §8057 Burns 1908, §5211 R. S. 1881, and in case the rent is not paid within ten days after such notice is given, the lease is terminated at the expiration of such time. *Campbell* v. *Nixon* (1891), 2 Ind. App. 463, 28 N. E. 107; *Cheek* v.

*Preston* (1905), 34 Ind. App. 343, 72 N. E. 1048; *Leary* v. *Meier* (1881), 78 Ind. 393.

If, however, the rent is not payable in advance, and the lease contains a provision to the effect that a failure to pay rent when due shall forfeit the lease, the lessor need not resort to the statutory ten days' notice in order to terminate the lease, but may declare a forfeiture under the terms and provisions of the lease. A provision for the forfeiture of a lease on failure to pay rent is a sort of a condition subsequent, and is strictly construed. If the lessor seeks to enforce such a forfeiture, he must first demand the rent on the leased premises just before sunset on the day the rent is due, providing there is no other place stipulated for such payment, and in case such rent is not paid he may then reënter as for a breach of a condition. *Faylor* v. *Bryce* (1893), 7 Ind. App. 551, 34 N. E. 833; *Jenkins* v. *Jenkins* (1878), 63 Ind. 415; *Philips* v. *Doe* (1851), 3 Ind. 132; *Bacon* v. *Western Furniture Co.* (1876), 53 Ind. 229.

If the complaint in this case did not allege that the rent was payable in advance, the position of appellant would be well taken, as, in such a case, it would be necessary to allege facts showing that the lease had been terminated either by notice as provided by §8057, *supra,* or by a forfeiture under the provisions of the lease. There is no pretense that the lease was terminated by the ten days' notice provided by statute, and the averments are insufficient to show a forfeiture under the terms of the lease, for the reason that no demand for rent is alleged on which a forfeiture could be based.

It appears, however, from the averments of the complaint, that the rent was payable in advance, and that the tenant had entered, and had refused and neglected to pay the rent when due. Section 8059, *supra,* provides that under such circumstances no notice shall be necessary to terminate the tenancy. This court has held repeatedly, in construing this statute, that where the rent reserved in a

lease is payable in advance, and the rent is not paid when due, the lessor may elect to treat the tenancy as terminated, and may sue for possession, without either demanding the rent or giving notice. The complaint is clearly sufficient on the theory that the tenancy was terminated by a failure to pay rent in advance, as stipulated in the lease.

To this complaint appellant filed a general denial, and also a special paragraph of answer in confession and avoidance, in which he admitted that he was in possession of the premises in controversy under a lease entered into with appellee, which provided that rent should be paid in advance on the first day of each and every month during its continuance, and which contained the provision of forfeiture as averred in the complaint. The answer also admits that the rent due on March 1 and on April 1, was unpaid on April 2, when the written demand for possession was served on appellant.

In avoidance of the facts averred in the complaint and admitted by this paragraph of answer, the following facts are therein averred. "And the defendant further charges and avers that under and by the terms and conditions of said lease the rent of said rooms and premises was $16.66 2/3 per month, payable monthly in advance, but he says that notwithstanding such provisions and conditions in said lease, plaintiff never demanded payment of said monthly rents for said rooms and premises in advance and that this defendant never at any time paid said rentals monthly in advance; that during all the time he has so occupied said rooms and premises, said rents were paid not in advance, but after the time for which defendant paid had expired; that frequently during the said period the defendant so occupied said rooms and premises, the rent was not demanded by plaintiff or paid by defendant during a period of three months or more continuously; that from January 1st, 1907, no rent for said rooms and premises was demanded or paid until June 21st, 1907, when defendant paid said rent all at one time for said rooms

from January 1st, 1907, until July 1st, 1907. And defendant further avers that on February 9th, 1909, he paid plaintiff $38.33, the same being the rent in full for said rooms to March 1st, 1909. And defendant further says that by reason of plaintiff's omission, from the date of said tenancy, to wit: January 1st, 1901, to April 2d, 1909, to demand at any time said monthly rents for said rooms and premises in advance, and by reason of plaintiff receiving and accepting rents during all of said period after the rental period for which they were paid had expired, and by reason of the plaintiff permitting the rents to become and remain due and unpaid for several months at a time frequently during the long period of time plaintiff has used and occupied said rooms and premises under and by virtue of said lease, to wit: more than eight years, and had a right to believe and he verily did believe that plaintiff would not insist upon the forfeiture of said lease for the failure to pay said rent monthly in advance when one month of rent only was due and unpaid. And defendant further avers that he had paid said rent for said rooms and premises in full up to March 1st, 1909; that on the 2d of April, 1909, plaintiff served notice on this defendant that it had elected to forfeit said lease because there was then due and unpaid rent on said rooms and premises in the amount of $16.67 and that said sum of $16.67 was the rent then due plaintiff for the month of March, 1909, and that no other or additional rents were then due. And defendant avers that plaintiff made no demand upon defendant for said rent before declaring said lease forfeited. And defendant avers that the said plaintiff had elected to forfeit said lease for the nonpayment of said sum of money, the rental due, and for no other or different purpose whatever. And defendant further charges and avers that after the said notice was so served on him on, to wit: April 2d, 1909, and the same day on which said notice was served on him, he tendered plaintiff the sum of $43.33 1/3 in money, that being the full amount due plaintiff as rent for

said rooms and premises and for steam heat for the same until May 1st, 1909; that plaintiff declined and refused to accept the same; and that afterwards, to wit: on the first day of each succeeding month up to and including the first day of September, 1909, defendant tendered to the plaintiff the entire sum and amount of rents and pay for steam heat due for said rooms and premises, including in each of said tenders the rent in advance for a month from the date of said tender; that on said 1st day of September, 1909, defendant tendered said plaintiff the full amount of rent then due the plaintiff for said rooms and premises until the 1st day of October, 1909, and also the full amount due plaintiff for steam heat for said rooms and premises, and that thereupon the officers and agents of plaintiff informed defendant that it was unnecessary to make further tender of rents for said rooms and premises, because the same would not be received or accepted. And defendant says that he is ready, willing, able and desirous of paying all of said rents so due the plaintiff for said rooms and premises and for the steam heat for the same, but that the plaintiff has refused since the 2d day of April, 1909, and still does refuse to receive or accept any of the said sum due as rents or for steam heat.''

The trial court sustained a demurrer to this paragraph of answer, and this ruling is assigned as error. The question is thus presented as to the sufficiency of the facts alleged in this paragraph of answer to constitute a waiver of the right of the lessor to terminate the lease on the failure of the lessee to pay the rent promptly, as provided therein, without first notifying the lessee that he intended in the future to insist on such right.

Under the terms of the lease, the lessor had the right at any time when the lessee failed to pay a month's rent in advance, when due, to terminate the tenancy without notice and without a demand for the payment of rent unless such right was waived, or unless its conduct, as shown by the answer under consideration, was such as to estop it from

asserting such right. Waiver is defined as the inten-
8. tional relinquishment of a known right, or such con-
duct as warrants an inference of the relinquishment
of such right; an election by one to forego some advantage
he might have taken or insisted upon. 29 Am. and Eng.
Ency. Law (2d. ed.) 1091; *Bucklen* v. *Johnson* (1898), 19
Ind. App. 406, 49 N. E. 612; *Warren* v. *Crane* (1883), 50
Mich. 300; *Fraser* v. *Aetna Life Ins. Co.* (1902), 114 Wis.
510, 90 N. W. 476.

There is a distinction between waiver and estoppel. A
person who is in a position to assert a right or to insist on an
advantage may, by his own words or conduct, and
9. without reference to any act or conduct of the other
party affected thereby, waive such right; and once
such right is waived it is gone forever, and he will therefore
be precluded from asserting it. A person cannot, however,
waive a right before he is in a position to assert it; but his
words and conduct may be such before that time as to lead
other persons relying thereon to act in such a way as to
place them at a disadvantage, in which case he may be
estopped from asserting the right. The first time ap-
7. pellant failed to pay the rent in advance, as provided
in the lease under consideration, appellee was in a
position to terminate the tenancy without notice. Being in
such position, if he accepted payment of the instalment
which was in default, he would be held to have waived his
right to terminate the tenancy on account of such default.
The right to terminate the tenancy for that default in the
payment of rent could never thereafter be asserted, but it
could not thereby be precluded, on the grounds of waiver,
from asserting the right to terminate the tenancy on account
of a subsequent failure to pay rent, if such failure should
occur. On every subsequent failure on the part of the lessee
to pay rent when due, the right to terminate the tenancy was
available to the lessor, unless he was estopped from asserting
such right.

It is admitted by the answer that the instalments of rent due on March 1, and on April 1, 1909, were not paid. Appellee was not in a position to insist on the termination of the tenancy on account of the failure to pay these instalments until after they were due, and it is not averred that appellee accepted either of these instalments of rent after it was due, or that it did any act after either was due to indicate an intention not to terminate the lease on account of the failure of appellant to pay these instalments of rent. We think that the answer does not state facts sufficient to show that appellee had waived the right to terminate the tenancy for failure to pay the rent in advance when due.

We have yet to consider whether appellee, under the averments of this answer, was estopped from asserting its right to terminate the tenancy for failure to pay the rent for March and April on the first day of each of said months, as provided in the lease. We have said that the failure of a lessor to collect the various instalments of rent when due, and his acceptance of such instalments after that time, constitutes a waiver of his right to terminate the tenancy only as to the defaults so waived, and would not, upon the principle of waiver, preclude him from afterwards asserting that right as to a subsequent default; but, while this is true, his conduct in this respect may be of such a character as to induce on the part of the lessee a well-grounded belief that the lessor does not desire or intend to terminate the tenancy at all on account of the failure to pay rent when due, as provided in the lease, and that he is satisfied to have the rent paid on request, or within a reasonable time after it is due.

If the conduct of a lessor is such as to be reasonably calculated to induce such a belief on the part of the lessee, and if the lessee, by reason thereof, does so believe in good faith and, acting on such belief, is led to neglect the payment of the rent on the day on which it is due, when otherwise he would not have suffered a default to occur, then the lessor will be estopped from asserting the

right to terminate the leasehold on account of a default which was thus occasioned. An estoppel does not arise from the words or conduct of one party alone, as a waiver does. To create an estoppel, the words or conduct of the party estopped must be calculated to mislead the other party, and such other party must be misled thereby, and induced to act in such a way as to place him at a disadvantage.

The answer in this case avers facts showing a course of conduct by appellee well calculated to mislead appellant, and to induce in him a belief that appellee did not intend at any time to insist on its right to terminate the leasehold on account of the failure on the part of appellant to pay rent promptly when due, and also avers that appellant did so believe in good faith. It fails, however, to aver that the failure of appellant to pay the instalments of rent due on March 1 and April 1 was due to a reliance in the belief thus induced, and for that reason the answer is insufficient on the ground of estoppel.

Another pleading, designated a cross-complaint, was filed by appellant, to which a demurrer was sustained. This pleading contains all the material averments of the answer which we have just considered, and in addition thereto contains the following allegation, ''And the plaintiff herein says that he neglected to pay the rents in advance for the months of March and April, 1909, by reason of the conduct of the defendant hereto as hereinbefore set out in reference to the collection of said rents and to accept the same long after the same became and was due under the contract, he was led to and did believe that said lease would not be forfeited for said nonpayment of the rent as aforesaid and but for the conduct of the defendant hereto in reference to the said rents and their collection as hereinbefore set out he would have paid the said rents promptly in advance.'' This pleading is not open to the objection pointed out to the second paragraph of answer. The averments just set out are sufficient to show that appellant so

acted on the belief induced by the conduct of appellee as to be prejudiced in his rights if appellee is permitted to terminate appellant's tenancy under the terms of the lease. This pleading states facts sufficient to constitute a cause of defense on the principles of estoppel. *Haldeman* v. *Sampter* (1884), 2 Del. Co. Rep. 106; *Oliver* v. *Brophy* (1886), 18 Weekly Notes of Cas. 427; *Thropp* v. *Field* (1875), 26 N. J. Eq. 82; *Consumers Gas Trust Co.* v. *Ink* (1904), 163 Ind. 174, 71 N. E. 477; *New American Oil, etc., Co.* v. *Troyer* (1906), 166 Ind. 402, 76 N. E. 253, 77 N. E. 739; *Rutherford* v. *Prudential Ins. Co.* (1905), 34 Ind. App. 531, 73 N. E. 202; *Sweetser* v. *Odd Fellows, etc., Assn.* (1889), 117 Ind. 97, 19 N. E. 722.

The character of a pleading will be determined from the facts averred therein, and not from the name given to it by the pleader. *Dreyer* v. *Hart* (1897), 147 Ind. 604, 47 N. E. 174; *State* v. *Finn* (1876), 45 Iowa 148; 1 Bates, Pl. and Pr. 159, and cases there cited.

The relief prayed for is not decisive of the relief to which a party is entitled under a pleading. This must be determined from its material averments, and the court will grant a party the relief to which he is entitled under the facts averred. *Dehority* v. *Nelson* (1877), 56 Ind. 414; *Younkin* v. *Milwaukee, etc., Traction Co.* (1904), 120 Wis. 477; *Smith* v. *Smith* (1903), 67 Kan. 841; *State, ex rel.,* v. *Horton Sand, etc., Co.* (1901), 161 Mo. 664.

The facts stated in the cross-complaint are sufficient to constitute a cause of defense, and the demurrer thereto should have been overruled.

Judgment reversed, with directions to grant a new trial, and leave is given to reform the issues.

NOTE.—Reported in 97 N. E. 546. See, also, under (1) 24 Cyc. 914; (2) 24 Cyc. 1336; (3) 24 Cyc. 1353; (4) 24 Cyc. 1349; (5) 24 Cyc. 1355; (6) 24 Cyc. 1347; (7) 24 Cyc. 1464, 1442; (8) 40 Cyc. 252; (9) 16 Cyc. 805; (10) 24 Cyc. 1359; (11) 24 Cyc. 1442; (12) 24 Cyc. 1404; 31 Cyc. 46; (13) 31 Cyc. 46; (14) 31 Cyc. 83. As to waiver of forfeiture of lease by acceptance of rent, see 47 Am.

St. 198. On the question of the delay of a landlord in enforcing forfeiture as constituting waiver of breach, see 24 L. R. A. (N. S.) 1063. As to the effect of the customary acceptance of rent by a landlord after the stipulated time for payment, see 15 Ann. Cas. 253.