LAFAYETTE CAR WASH, INC. *v.* GEORGE F. BOES
AND MAYME BOES.

[No. 1270S318. Filed May 25, 1972. Rehearing denied July 11, 1972.]

*William C. Burns, Schultz, Ewan and Burns,* of Lafayette, for appellants.

*George A. Rinker, James V. McGlone, Stuart, Branigin, Ricks and Schilling,* of Lafayette, for appellees.

DEBRULER, J.—Appellant-lessee, Lafayette Car Wash, Inc., and Robert Wesner, President and sole shareholder in the corporation, filed a complaint against appellees seeking equitable relief against forfeiture of a lease and an application for an injunction restraining appellees from interfering with appellant's possession of the leased land. Evidence was offered at the hearing on October 15, 1970, and appellees moved to

dismiss on the grounds appellants' corporation charter had been revoked. On October 26th, the trial court sustained appellee's motion to dismiss but permitted appellants to amend the complaint by adding "in Liquidation" to the corporation name and to reinstate the complete action. On October 30, 1970, appellees filed their complaint seeking a preliminary injunction against appellants restraining them from interfering with appellees' use and possession of the leased land. The cases were consolidated for further hearing, and on November 30, 1970, the trial court made findings of fact, conclusions of law and entered a preliminary injunction against appellants restraining them from interfering with appellees' possession and use of the leased property. Appellants appeal from that ruling.

Appellants' first contention is that the trial court erred in finding that appellees had validly terminated the lease for nonpayment of rent and were entitled to possession of the premises. The record shows that in June, 1961, appellees leased a plot of land to appellant, Lafayette Car Wash, Inc., on which appellant built a block building and operated a car wash business. The lease provided that rent was to be paid in advance on the first of each month, the lease could not be assigned without the consent of lessors, no notice of termination was required in case of default, and waiver of any right to terminate by lessors would not constitute a waiver of a subsequent default. In December, 1961, the corporate appellant through appellant Wesner entered into a contract with Charles Leffert and Robert Smith for the conditional sale of the car wash business and for the assignment of the lease. Due to the lease restriction on assignment, Wesner had prepared and appellees signed a consent to the assignment of the lease to the vendees, Smith and Leffert. The vendees thereafter paid the monthly rent under the lease to appellees until July, 1970. Due to business difficulties, vendees closed the car wash at the end of June and they did not pay the July rent. Wesner discovered this the last week of July and on July 29, 1970, Wesner called

appellees and offered to pay the July rent but appellees refused saying the lease was in default. Wesner sent checks for several more months but appellees did not accept them. On August 11, 1970, appellees sent a formal notice of termination to the vendees with a copy of the letter to Wesner's attorney. On July 29th, Wesner had taken back possession of the car wash facilities and on September 11, 1970, appellees sent a letter to Wesner demanding he remove his property from the leased premises. Appellants filed their suit on September 25, 1970.

> The issue is whether appellees had the right to terminate the lease without notice when the only offer of the July rent from anyone came on July 29, 1970. Indiana Code 1971, 32-7-1-7, being Burns § 3-1620, reads in part:

> "where, by the express terms of the contract, the rent is to be paid in advance, and the tenant has entered, and refuses or neglects to pay the rent, and in any case where the relation of landlord and tenant does not exist, no notice to quit shall be necessary."

Indiana cases have held under this statute that where the lease provides for payment of rent in advance, and absent a waiver or estoppel, a failure to pay the rent on the due date constitutes a default of the lease and provides the lessor with the option of terminating the lease without notice to quit to the lessee. *St. Germain* v. *Sears, Roebuck & Co.* (1942), 112 Ind. App. 412, 44 N. E. 2d 216; *Karas* v. *Skouras* (1922), 79 Ind. App. 99, 137 N. E. 289; *Templer* v. *Muncie Lodge I O O F* (1912), 50 Ind. App. 324, 97 N. E. 546; *Brown* v. *Thompson* (1910), 45 Ind. App. 188, 90 N. E. 631; *Ingalls* v. *Bissot* (1900), 25 Ind. App. 130, 57 N. E. 723. In *Templer* v. *Muncie Lodge, supra,* the Court said:

> "This court has held repeatedly, in construing this statute [§ 3-1620], that where the rent reserved in a lease is payable in advance, and the rent is not paid when due, the lessor may elect to treat the tenancy as terminated, and may sue for possession, without either demanding the rent or giving notice." 50 Ind. App. at 329-330.

In addition, section two of this lease provided that rent was due in advance on the first of each month and no notice of termination was required in case of default. It is undisputed that the July payment was not paid on July 1st. Appellant does not disagree with the above statement of the law but argues that the lessors had often accepted late payments in the past and were precluded from terminating the lease on the ground of the late July payment. Appellant invokes the concepts of waiver and estoppel and it is necessary to keep in mind the difference between the two doctrines.

Waiver is the intentional relinquishment of a known right; an election by one to forego some advantage he might have insisted upon. *Doan* v. *Ft. Wayne* (1969), 253 Ind. 131, 252 N. E. 2d 415; *Templer* v. *Muncie Lodge, supra.*

In the latter case the Court very clearly set out the distinction:

"There is a distinction between waiver and estoppel. A person who is in a position to assert a right or to insist on an advantage may, by his own words or conduct, and without reference to any act or conduct of the other party affected thereby, waive such right; and once such right is waived it is gone forever, and he will therefore be precluded from asserting it. A person cannot, however, waive a right before he is in a position to assert it. . . ." 50 Ind. App. at 333.

The Court described estoppel as follows:

"If the conduct of a lessor is such as to be reasonably calculated to induce such a belief on the part of the lessee, and if the lessee, by reason thereof, does so believe in good faith and, acting on such belief, is led to neglect the payment of the rent on the day on which it is due when otherwise he would not have suffered a default to occur, then the lessor will be estopped from asserting the right to terminate the leasehold on account of a default which was thus occassioned. An estoppel does not arise from the words or conduct of one party alone, as a waiver does. To create an estoppel, the words or conduct of the party estopped must be calculated to mislead the other

party, and such other party must be misled thereby, and induced to act in such a way as to place him at a disadvantage." 50 Ind. App. at 334-335.

If lessors had accepted a late payment of the July rent they would have waived their right to terminate the lease because of failure to pay the July rent on time. As far as waiver doctrine is concerned this would not have prevented them from terminating for subsequent defaults in the rent payments. However, if lessors' past acceptance of late rent payments had induced the vendees to neglect to pay the rent on the first of July when otherwise they would not have neglected to do so, lessors would be estopped from terminating the lease without notice on the grounds of late payment. The record shows that the lessors' conduct did not induce the failure to pay the rent on time. Mr. Leffert testified that he did not pay the July rent because he was abandoning the business and did not intend to pay the July rent at all. Clearly then he did not fail to pay the July rent because of lessors' past acceptance of late payments. Assuming arguendo that appellant, Wesner, had a right to pay the rent for the vendees, he did not even know of vendees' default until the last week in July and, thus, his failure to pay the rent on July 1st, could not have been induced by lessors' past acceptance of late payments. We hold that lessors had the right to terminate the lease without notice for non-payment of the July rent and they did not waive nor were they estopped from asserting such right. Therefore, the trial court did not err in ruling that appellees had the right to the use and possession of the premises.

Appellants' second contention is that an injunction was not the proper remedy and could not be used: (1) to prevent an act already completed; (2) in lieu of ejectment; (3) to upset the status quo; (4) to jeopardize the tenant's business for uncertain benefits to the landlord; (5) to dispossess a person in possession of real estate under claim of right.

This case was heard on the complaint by appellants for a determination of their rightful possession and an injunction

and on the complaint of appellees asking that they be named the rightful users and possessors of the property and asking that appellants be enjoined from interfering with such use and possession. Thus, *without objection by either party*, the consolidated cases were tried on the premise that the right of one side or the other to the possession and use of the premises would be decided and the opponent would be enjoined from future interference if its likelihood was proved. This likelihood was proved when Wesner testified at the hearing that he intended to continue denying the appellees right to the use and possession of the premises until the court ordered differently. As stated in AP. 15 (d) :

> "No judgment shall be stayed or reversed . . . by the court on appeal for any defect in form, variance or imperfections contained in the . . . pleadings . . . or other proceedings therein, which by law might be amended by the court below, but such defects shall be deemed to be amended in the court on appeal; nor shall any judgment be stayed or reversed . . . where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below."

Appellants were not misled by the pleadings and they have from the beginning been fully aware of the relief which they or the appellees might obtain in this cause. Appellants have not said and could not say that the merits of this cause have not been fully and fairly tried. The record shows that both sides introduced extensive evidence on the right to their use and possession of the real estate, as well as the injunction, and the trial court determined first, that the appellees were entitled to the use and occupancy of the premises, and, second, that the appellees were entitled to injunctive relief because of Wesner's stated determination to remain in possession until ordered off by a court. We hold the trial court order restraining appellants from interfering with appellees' use and possession of the leased land was appropriate.

Appellants' third contention is that the trial court erred in admitting into evidence appellees' Exhibit D, the Articles of

Incorporation of Lafayette Car Wash, Inc., which bore the words "Revoked June 1, 1970, William N. Salin, Secretary of State of Indiana", and in excluding appellants' Exhibit 16, a Certification of Good Standing from the Secretary of State. At the first hearing on appellants' complaint for injunction appellees introduced Exhibit D and moved to dismiss appellants' complaint on the grounds the corporation charter had been revoked and the corporation only had the capacity to wind up its affairs and not to bring this type of suit. The trial court excluded appellants' offer of Exhibit 16 and the trial court sustained the motion to dismiss. However, the trial court permitted appellants to reinstate the suit under TR. 41(F) and both sides were permitted to fully litigate all the issues raised by their pleadings. Apparently the prejudice flowing from the trial court's evidentiary rulings was the dismissal of the appellants' complaint. Since the trial court reinstated the complaint in full the issue is moot on appeal.

Judgment affirmed.

Arterburn, C. J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 282 N. E. 2d 837.