DAVID L. KIMMEL AND MARY L. KIMMEL v. WILLIAM F. F. COCKRELL AND TWYLAH F. COCKRELL.[1]

[No. 1-274A22.  Filed October 15, 1974.]

---

1. Oral argument was heard in this appeal in the court room of the Dearborn Circuit Court, Lawrenceburg, Indiana.

*Thomas J. Carroll, George A. Cottrell, Carroll & Cottrell,* of Indianapolis, for appellants.

*Lewellyn H. Pratt, Applegate & Pratt,* of Bloomington, for appellees.

LOWDERMILK, J.—Plaintiffs-appellees (Cockrells) commenced this action for possession of real estate. on March 27, 1973. Defendants-appellants (Kimmels) answered and filed a counterclaim. Trial was had to the court on August 9, 1973, with judgment being entered for Cockrells on their complaint and against Kimmels on their counterclaim. Kimmels timely filed their motion to correct errors which was by the court overruled.

On July 1, 1969, Kimmels entered into a written agreement with Cockrells to lease a certain farm in Martin County, Indiana, and a residence thereon. Said lease was to terminate on December 31, 1975, after which Kimmels had the right to purchase the farm outright or, alternatively, to purchase the farm on an installment contract. A portion of the land in question was to be used as soil bank acreage with Cockrells to receive payment from the United States Department of Agriculture, pursuant to a soil bank agreement.

On January 28, 1972, Cockrells sent a notice of forfeiture and demand for possession of the real estate to Kimmels, wherein they alleged failure to pay rent, failure to pay taxes, commission of waste, and failure to protect Cockrells' interest in the soil bank agreement. No action was subsequently taken in regard to this notice of forfeiture.

On January 13, 1973, Cockrells sent a second notice of forfeiture and demand for possession to the Kimmels. This notice charged that Kimmels had violated the terms of the lease in the following particulars: failure to pay $450.00 in rental payments, causing unnecessary expense to Cockrells by reason of checks drawn on insufficient funds tendered by

Kimmels, causing waste to be committed on the property, and failing to protect Cockrells' interest in the soil bank agreement, which resulted in the loss of $366.00 by Cockrells.

On March 5, 1973, Kimmels, through their attorney, tendered a check to Cockrells in the amount of $783.60 which was to pay all alleged arrearages, as well as the sum of $333.60 which Mr. Cockrell had lost under the soil bank agreement. Mr. Cockrell, on March 8, 1973, cashed the check for $783.60 and received full payment thereon. Subsequently, on March 27, 1973, the complaint in this action was filed.

The first issue raised in this appeal is whether the judgment of the trial court is supported by sufficient evidence, specifically, whether there was sufficient evidence to show a breach of the lease agreement.

Kimmels contend that Cockrells failed to prove a breach of the lease agreement in that no cure letter was sent to them after any alleged default and prior to any action for forfeiture of the lease. Kimmels also contend that even if a cure letter was sent, that Cockrells failed to prove that Kimmels did not, in fact, cure any alleged breaches. Finally, Kimmels contend that any breach in regard to alleged arrearages was waived by the actions of Cockrells.

Item 7 of the lease agreement provides, in pertinent parts, as follows:

"If said rent, or any part thereof, shall at any time be in arrears and unpaid, and without any demand being made therefor or if said lessee, or his assigns, shall fail to keep and perform any of the covenants, agreements or conditions of this lease, on his part to be [kept and performed], and such default is not cured within thirty [30] days after written notice from lessor setting forth the nature of such default, . . ."

Cockrells have urged that the above item in the lease does not require any notice prior to declaring of a forfeiture in the event of nonpayment of rent. It is Cockrells' position that no notice was necessary where rent is to be paid in advance

and the tenant fails to pay such rent, and relies on IC 1971, 32-7-1-7 (Burns Code Ed.).

It is our opinion that the parties to this lease set up a more stringent standard than that required by IC 1971, 32-7-1-7, *supra,* and that Cockrells were required under the lease to send notice to the Kimmels stating any default of the lease agreement and allowing Kimmels thirty days within which to cure such default. However, it is also our opinion that the notice of forfeiture and demand for possession sent to Kimmels on January 13, 1973, which succeeded and extinguished the first notice, substantially complies with the terms of the lease. The complaint in this cause alleged that Kimmels had been notified, pursuant to the notice of forfeiture and demand for possession discussed above and that Kimmels had failed to correct the violations therein specified and continued in default of the terms of the lease. The issue now rests on whether Cockrells sustained their burden of proof to establish the allegations of their complaint that Kimmels had failed to cure the alleged defaults.

The major disagreement between the parties concerned the payment of rent. Cockrells maintained that Kimmels, on many occasions, tendered as payment of rent checks which were drawn upon an account which had insufficient funds to cover the same. This, in itself, would not be a direct violation of the agreement. The only allegations of breach which are pertinent to this appeal are those which were specified in the notice sent to the Kimmels on January 13, 1973. In said notice Cockrells specifically alleged that Kimmels were in arrears in the amount of $450.00. Thus, it was Cockrells' burden at trial to establish that Kimmels failed to cure the alleged default. The evidence discloses that a check was sent to Cockrells on March 5, 1973, which was to cover the alleged arrearage ($450.00) as well as a penalty which Cockrells had been assessed. The evidence further discloses that Mr. Cockrell presented said check at the bank on March 8, 1973,

and was given a cashier's check by the bank in the amount of $783.60.

Kimmels have urged that Mr. Cockrell, when he cashed the check, on March 8, waived any alleged defaults in regard to payment of rent. Kimmels have also argued that Cockrells, by accepting late payments of other checks, have waived any right to declare a forfeiture under the lease.

In the case of *Lafayette Car Wash, Inc.* v. *Boes* (1972), 258 Ind. 498, 282 N.E.2d 837, 839, our Supreme Court discussed waiver in the present context as follows:

> "Waiver is the intentional relinquishment of a known right; an election by one to forego some advantage he might have insisted upon. . . ."

In *Boes, supra,* payment was due on a lease on the first day of each month. The lessee, in *Boes,* had failed to tender a payment in July and the lessors subsequently brought an action to regain the premises as a result of the breach of the lease agreement. In *Boes, supra,* no notice of any breach was required, as is the case before us.

However, Justice DeBruler stated as follows:

> "If lessors had accepted a late payment of the July rent they would have waived their right to terminate the lease because of failure to pay the July rent on time. . . ." 232 N.E.2d at p. 840.

In the case of *Rembold Motors, Inc.* v. *Bonfield* (1973), 155 Ind. App. 422, 293 N.E.2d 210, 219, this court discussed waiver as follows:

> "In the same vein Judge Cooper, speaking for the Appellate Court in *Snyder* v. *International Harvester Credit Corp.* [147] Ind. App. [364], 261 N.E.2d 71, 75 (1970) said:
>
> > 'Thus, when appellee accepted payments made by appellant on July 20 and August 11, it recognized the contract as still in effect and waived any right it might have had for foreclosure. Not only did appellee continue to receive payments from appellant, but it never made any tender back to appellant of money allegedly conditionally received from him. We therefore conclude that appellee,

by receiving appellant's payments, did reinstate the contract; . . .'

\* \* \*

As a general rule the retention of a check under circumstances implying that it is accepted as payment discharges the debt. . . ."

It is our opinion that Cockrells have waived any alleged default in regard to the $450.00 arrearage specified in their notice of forfeiture when they accepted late payment of this sum on March 8, 1973. It is true that Kimmels did not cure the alleged default within thirty days of the notice of forfeiture, but the actions of Cockrells in accepting late payment must act as a waiver of this breach.

The second alleged breach of the lease agreement was that Kimmels had caused waste to the premises in violation of the terms of the lease. An examination of the record does not disclose any evidence of probative value that would be sufficient to sustain this allegation.

The third alleged default by Kimmels was in regard to the soil bank portion of the premises. The lease agreement provided that Cockrells should continue to receive payments on the real estate being paid by the United States Department of Agriculture for portions of the property which were in the soil bank program. The lease further provided that if any payments should be stopped or suspended through the fault of Kimmels, then the lease would become null and void. Cockrells have alleged in their notice that Kimmels allowed their cattle to graze on the soil bank property, which resulted in Cockrells being deprived of certain money on their contract with the United States Department of Agriculture. Although the notice specified the sum of $366.00 as being lost, the evidence at trial conclusively shows that the amount lost was $333.60. As discussed above, Kimmels reimbursed Cockrells in the amount of $333.60 on March 8, 1973. Thus, Cockrells have lost no money as a result of any alleged breach of the agreement by Kimmels. The evidence further disclosed that the government had no present intention to terminate

the agreement with Cockrells as a result of the improper cattle grazing.

The record discloses that Kimmel's cattle had, at various times, managed to find their way onto the soil bank property and had grazed thereupon in violation of the terms of the lease agreement. The record also disclosed that these cattle had been removed from the soil bank property as soon as their presence was discovered. For purposes of this appeal it is immaterial whether the cattle had grazed upon the soil bank property at times prior to the notice of forfeiture. The notice of forfeiture specifically informed Kimmels of a breach of the lease agreement in allowing the cattle to graze upon the soil bank property and under the terms of the lease agreement Kimmels had thirty days within which to cure the alleged breach. The burden of proof at trial was on Cockrells to show that Kimmels had not cured the alleged breach.

An examination of the record does not disclose any evidence which would show that Kimmels failed to cure the alleged breach. We can find no evidence in the record which would show that the cattle continued to graze upon the soil bank property after the thirty day cure period. Thus, Cockrells failed to meet their burden of proof.

It is our opinion that Cockrells failed to sustain their burden of proof at trial to show that Kimmels had breached any condition of the lease agreement and had failed to cure the alleged breaches within thirty days after notice thereof, except the rental payment breach which was waived by Cockrells' acceptance of late payment in full. The evidence is totally insufficient to show any breach which would result in a forfeiture of the contract. Thus, it is our opinion that the trial court erred in finding that the lease agreement should be forfeited.

Having found reversible error it is unnecessary for this court to write on other issues raised in this appeal.

Judgment reversed.

666

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 317 N.E.2d 449.