**EDWARD ROSE OF INDIANA,**
Appellant (Defendant Below),

v.

**C. Wayne FOUNTAIN, Appellee**
(Plaintiff Below).

**No. 2–781A240.**

Court of Appeals of Indiana,
Second District.

Feb. 24, 1982.

Jeffrey M. Nicholls, George J. Heid, Lafayette, for appellant.

C. Wayne Fountain, pro se.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Defendant-appellant Edward Rose of Indiana (Rose) appeals from a judgment in favor of plaintiff-appellee C. Wayne Fountain (Fountain) claiming error in the trial court's application of IC 32–7–1–7 and in the court's determination that Rose was not entitled to withhold Fountain's security deposit as damages for breach of a lease agreement.

We reverse.

## FACTS

The facts most favorable to the judgment indicate that on February 2, 1980 the parties entered into a lease agreement whereby Fountain agreed to rent an apartment from Rose for a period of six months. Because of the lease's provision that Fountain was entitled to hold over as a month-to-month tenant after expiration of the six month term,[1] the lease required that Fountain give at least thirty days written notice of his intention to surrender the premises.[2] The lease further provided that one month's rent would serve as liquidated damages in the event of Fountain's failure to give the requisite notice.

Prior to the end of the six-month lease period, Rose sent Fountain a routine form letter reminding him of his obligation to give notice; however, Fountain ignored the

---

1. The pertinent lease provision reads:

    It is hereby agreed that in the event of the tenant herein holding over after the termination of this lease it will then be automatically renewed for thirty (30) days and for like periods thereafter unless prior to the termination date of this lease or for any 30-day renewal term, the tenant shall give the Landlord at least thirty (30) days written notice in any one calendar month of intention to surrender said premises.

    *Record* at 43.

2. Any other provision of this lease to the contrary notwithstanding, before the expiration of the term of this lease, the tenant shall give the Landlord at least thirty (30) days written notice in any one calendar month of his intention to surrender said premises. If such notice be not given, the tenant shall be liable for an additional month's installment of rent at the same rate as of the last term, with additional installment of rent or any part thereof shall be considered as rent in arrears under the terms of this lease.

    *Record* at 43.

letter and failed to give written notice before the last day of the term when he vacated the premises. Pursuant to the lease agreement, Rose retained Fountain's $150.00 security deposit which was to be "retained as security for the faithful performance of all the covenants, conditions and agreements" of the lease.[3]

Fountain brought suit in the Tippecanoe County Court and judgment was entered in his favor in the sum of $150.00 plus court costs of $10.00.

## ISSUES

Rose presents two issues [4] for appeal:

1. Did the trial court err in applying IC 32–7–1–7?

2. Did the trial court err in failing to find that Rose was entitled to withhold Fountain's security deposit and apply it to damages suffered by Fountain's failure to give notice to quit?

## DECISION

ISSUE ONE—Did the trial court err in applying IC 32–7–1–7?

CONCLUSION—The provisions of IC 32–7–1–7 apply to a landlord's duty to give notice to his tenant and were therefore inapplicable to the facts before the trial court.

As to issue one, Rose contends that the trial court improperly applied IC 32–7–1–7 which provides:

Where the landlord agrees with the tenant to rent the premises to him for a specified period of time, or where the time for the determination of the tenancy is specified in the contract, or where a tenant at will commits waste, or in the case of a tenant at sufferance; or where, by the express terms of the contract, the rent is to be paid in advance, and the tenant has entered, and refuses or neglects to pay the rent, and in any case where the relation of landlord and tenant does not exist, no notice shall be necessary.

Rose argues that this code section is a limitation on the *landlord's* obligation to give notice and that it was error to apply the statute to a factual situation involving a *tenant's* notice to his landlord.

█ A perusal of the code provisions surrounding IC 32–7–1–7 convinces us that Rose's argument is correct. A single statutory provision cannot be construed standing alone, but must instead be considered in light of the entire act to which it applies. *DeMoss v. DeMoss*, (1964) 135 Ind.App. 548, 195 N.E.2d 496. Moreover, statutes on the same subject should be construed together so as to harmonize and give effect to each. *Connell v. Logansport*, (1979) Ind.App., 397 N.E.2d 1058; *Wayne Township v. Lutheran Hospital*, (1974) 160 Ind.App. 427, 312 N.E.2d 120, *trans. denied.*

█ Chapter 1 of Title 32, Article 7, deals with landlord-tenant relations. Sections 3 through 8 all deal with notice to quit. Absent from those code provisions is any reference to a tenant's obligation to give notice of his intent to surrender leased premises. Conversely, those statutes clearly impose a duty upon the landlord to give notice to a tenant within certain defined situations. *See, e.g.*, IC 32–7–1–3 ("All tenancies from year to year, may be determined by at least three (3) months notice given *to the tenant* prior to the expiration of the year . . . ."); IC 32–7–1–8 ("Notice as required in any of the preceding sections,

---

3. The Tenant has deposited, and the Landlord herewith has acknowledged the receipt of their security deposit which is to be retained as security for the faithful performance of all the covenants, conditions and agreements of this lease, but in no event shall the Landlord be obliged to apply the same upon rent or other charges in arrears or upon damages for Tenant's failure to perform the said covenants, conditions or agreements, but the Landlord may so apply the security as its option.
Record at 43.

4. We consolidate the numerous issues set out in Rose's brief for purposes of our review. In addition, we note that Fountain has not filed a brief; therefore, a showing of *prima facie* error will merit a reversal. *Sanders v. Kerwin*, (1980) Ind.App., 413 N.E.2d 668.

may be served *on the tenant* . . . .") (emphasis added). Moreover, we are unaware of any cases construing IC 32–7–1–7 in any manner other than as a limitation upon a landlord's duty to give notice to his tenant. Therefore, the trial court's judgment is not sustainable on the basis of the application of the statute.[5]

ISSUE TWO—Did the trial court err in failing to find that Rose was entitled to withhold Fountain's security deposit and apply it to damage suffered by Fountain's failure to give notice to quit?

CONCLUSION—Failure to give the required notice was a breach of contract for which Rose was entitled to retain Fountain's security deposit.

 As to issue two, Rose argues that Fountain clearly breached the terms of the lease and that the security deposit was properly applied to damages caused by the breach. At trial, Fountain did not deny that he failed to comply with the lease's requirement for written notice, but argued that his silence provided notice in and of itself. Unfortunately, his silence does not provide the golden result he seeks.

Failure to comply with the lease's provisions is fatal. If the intention of the parties can be gleaned from their written expression, that intention must be effectuated by the court. *Piskorowski v. Shell Oil Company,* (1980) Ind.App., 403 N.E.2d 838, *trans. denied.* The lease clearly stipulated that written notice was required and Fountain's failure to comply constituted a breach of that covenant. *See Carsten v. Eickhoff,* (1975) 163 Ind.App. 294, 323 N.E.2d 664, *trans. denied.*

A lease provision requiring the lessee to deposit with the lessor a sum of money as security for the performance of covenants of the lease is valid and enforceable. *Rasmussen v. Helen Realty Company,* (1929) 92 Ind.App. 278, 168 N.E. 717. Whether such an advance payment to the lessor is a deposit to secure performance of

lease covenants or whether it is given for another purpose is determined by the intent of the parties. *Hargrove v. Marks,* (1937) 103 Ind.App. 321, 7 N.E.2d 640. Paragraph 27 of the lease demonstrates the intent of the parties that the deposit stand as security for the performance of all the covenants, conditions, and agreements of the lease. Therefore, the $150.00 security deposit was properly applied to the liquidated damages set forth in the lease for Fountain's breach of the notice requirement.

Judgment reversed.

SULLIVAN and SHIELDS, JJ., concur.

---

5. Parenthetically, we note that even if IC 32–7–1–7 was properly applied, the parties were free to reasonably provide for a more stringent

standard than that required by the statute. *Kimmel v. Cockrell,* (1974) 161 Ind.App. 659, 317 N.E.2d 449.