Narendra Parbhubhai PATEL,
Appellant–Defendant,

v.

UNITED INNS, INC., Appellee–
Plaintiff.

No. 06A04–0709–CV–501.

Court of Appeals of Indiana.

Dec. 5, 2008.

Brett J. Miller, Karl L. Mulvaney, Anne Cowgur, Bingham McHale, Indianapolis, IN, Attorneys for Appellant.

T. Joseph Wendt, Barnes & Thornburg, Indianapolis, IN, Attorney for Appellee.

## Dissent from Denial of Petition for Rehearing

BROWN, Judge.

I respectfully dissent from the denial of Appellant's Petition for Rehearing regarding our opinion in *Patel v. United Inns, Inc.,* 887 N.E.2d 139 (Ind.Ct.App.2008). The relevant facts of this case are that Oceanic Hospitality ("Oceanic") was the high bidder to purchase a hotel owned by United Inns, Inc. ("United"), and Narendra Parbhubhai Patel ("Patel") was the second highest bidder. Patel's contract obligated him to purchase the hotel if Oceanic defaulted. When Oceanic failed to make an earnest money payment by October 5, 2004, United declared Oceanic in default and notified Patel that his offer had been accepted. However, Patel failed to close on the purchase by October 28, 2004, because he did not have the necessary financing. United is claiming his $249,100.00 in earnest money as liquidated damages.

After Patel failed to close on the transaction, United and Oceanic entered into a Resolution Agreement and Amendment to Real Estate Sale Contract that, among other things, amended the original contract between United and Oceanic and set a new closing date of November 29, 2004. Additionally, United, Oceanic, and Jewel, Inc. ("Jewel"), an affiliate of Oceanic, entered into an Assignment and Assumption of Contract for the Purchase of Real Estate ("Assignment Agreement"), which assigned Oceanic's right to purchase the hotel to Jewel. In the Assignment Agreement, which was signed by United, Oceanic, and Jewel, Oceanic "represented and warranted" that "[t]he above Real Estate Sale Contract, as amended by the aforementioned Resolution Agreement and Amendment to Real Estate Contract and by this Agreement, is in full force and effect" and that Oceanic was "not in default under the Contract." Appellant's Appendix at 243. Jewel purchased the hotel on November 29, 2004. United then filed an action against Patel for the $249,100.00 in earnest money, and the trial court awarded United the earnest money and attorney fees. On appeal, we affirmed, holding that Patel had breached the purchase agreement and that the liquidated damages clause was not an unenforceable penalty and rejecting Patel's equitable argument.

I would grant rehearing as I believe our earlier opinion to be in error. Whether Oceanic's original failure to purchase the hotel in question from United constituted a default or not, United allowed any such default by Oceanic to be cured by Oceanic's assignment of its contract to Oceanic's affiliate, Jewel, and Jewel's purchase of the hotel for not only the original bid but also extension fees. The Assignment

Agreement provided that the Real Estate Contract entered into between Oceanic as purchaser and United as seller, as amended, was "in full force and effect" and that Oceanic was "not in default under the Contract." Appellant's Appendix at 243. Under the circumstances presented, it is wholly inequitable to allow United the windfall of retaining Patel's earnest money deposit and attorney fees in addition to its acceptance and realization of the winning bid plus extension fees. *See, e.g., Kimmel v. Cockrell,* 161 Ind.App. 659, 664, 317 N.E.2d 449, 452 (Ind.Ct.App.1974) ("It is true that Kimmels did not cure the alleged default within thirty days of the notice of forfeiture, but the actions of Cockrells in accepting late payment must act as a waiver of this breach."). Consequently, I would grant Patel's petition for rehearing and would vote to reverse the trial court's judgment for United.