RHINELANDER *v.* MARTIN.[1]

(*City Court of New York, Special Term.* April, 1889.)

ACTIONS FOR RENT—COUNTER-CLAIMS.
In an action for rent, the answer admitted the rent due, but set up as a counter-claim that, notwithstanding a covenant for quiet enjoyment in the lease, plaintiff brought suit against defendant for the forfeiture of the lease, without probable cause; that defendant recovered judgment; and that by reason of the action defendant was greatly damaged in his business. *Held,* that such counter-claim was demurrable, because it alleged neither a breach of the covenant, nor a malicious prosecution, and also because it sounded in tort, and did not arise out of plaintiff's cause of action.

On motion to amend demurrer, and on demurrer to counter-claim.

Action for rent by William Rhinelander against George S. Martin. Defendant answering, admitted the rent due, and counter-claimed. Plaintiff demurred to the counter-claim on the ground that it did not state facts sufficient to constitute a cause of action, and subsequently moved for leave to amend the demurrer by adding that the counter-claim was not one of those specified in Code Civil Proc. N. Y. § 501. Both the motion to amend and the demurrer now come on to be heard.

*Young & Vanplanck,* for plaintiff.   *John F. McIntyre,* for defendant.

NEHRBAS, J.  The motion to amend the demurrer was returnable April 1st, inst.  The papers thereon, together with the pleadings upon the demurrer, were submitted to me on the 8th inst.  The motion to amend was referred to me by the chief justice, on the ground that I had the question of the demurrer under advisement.  This was not strictly correct.  No papers whatever had been submitted to me, nor were they handed in until the 8th inst., as stated.  I therefore consider the motion to amend and the argument of

[1] From 23 Abb. N. C. 267.

the demurrer as presented to me at the same time for decision. The motion to amend the demurrer will be granted; but, in view of the fact that it was made so late, terms must, under the circumstances, be imposed. Twenty-five dollars will be awarded to the defendant upon the motion, to be offset to the costs on the demurrer in plaintiff's favor, as will hereafter appear. Now, as to the demurrer as amended. This action is for rent under a written lease. The answer admits the rent, but sets up as a counter-claim that, although the lease contained a covenant for quiet enjoyment, the plaintiff, without probable cause, brought a suit against the defendant in the superior court of this city for the forfeiture of the lease, based on certain violations of covenants contained in the lease; that the suit was prosecuted without just cause, a trial had, and judgment duly rendered thereon in favor of the defendant; "that by reason of the institution of said action, and its unjust prosecution, the defendant, who at the time of the commencement thereof was carrying on a large livery and boarding stable business in the said premises, lost many of his customers and boarders, who withdrew their trade and patronage from him, lest their property should be disturbed summarily on the premises; and that by reason thereof defendant suffered great loss, and was compelled to defend said action at great expense, to his damage $1,500. "

Plaintiff demurs to the counter-claim "on the ground that the counter-claim does not state facts sufficient to constitute a cause of action, and that the counter-claim is not of the character specified in section 501 of the Code of Civil Procedure." The counter-claim is based either on a breach of the covenant of quiet enjoyment, or else it is for malicious prosecution, and in neither case will it constitute a legal defense to the plaintiff's action. In order to maintain an action for breach of the covenant for quiet enjoyment, an actual eviction, accompanied by a complete ouster from the premises, must be alleged and proved. *Edgerton* v. *Page*, 20 N. Y. 281; *Whitbeck* v. *Cook*, 15 Johns. 483; *Boreel* v. *Lawton*, 90 N. Y. 297. If the landlord's acts be of such a character as to justify the tenant in leaving and abandoning the premises, the latter has been evicted; but a tenant cannot remain in possession, and claim an eviction. See cases cited. No eviction is alleged, hence none can be proven, and, if the counter-claim be intended to be claimed for a breach of the covenant referred to, it must fail. If the counter-claim is for malicious prosecution, it is fatally defective in failing to allege malice, the essential feature in that class of actions. Want of probable cause is not sufficient. Malice must be alleged and proven. *Besson* v. *Southard*, 10 N. Y. 236. Besides, such a counter-claim is open to the further objection that it sounds in tort, and cannot be set up as against an action upon contract. Nor does the counter-claim arise out of the plaintiff's cause of action. Surely a malicious prosecution has nothing to do with the lease sued upon. It is in no way connected with the subject of the action. The acts complained of must amount to a breach of the landlord's contract of letting, to be the subject of a counter-claim arising out of the same transaction. *Edgerton* v. *Page, supra; Walker* v. *Shoemaker*, 4 Hun, 581; *Mayor, etc.,* v. *Steam-Ship Co.*, 12 Abb. Pr. 300.

The answer discloses no valid defense to plaintiff's action for rent. There must therefore be judgment in favor of the plaintiff upon the demurrer, with costs.