No. 1,845.

HAMLINE ET AL. *v.* ENGLE.

JUSTICE OF THE PEACE.—*Action for Possession of Real Estate.—Defenses.—Answer.*—In an action before a justice of the peace by the landlord against his tenant who is unlawfully holding over, for the possession of the premises, all defenses are available to the defendant without answer. Section 1528, R. S. 1894.

INSTRUCTIONS TO JURY.—*Action for Possession of Land.—Justice of the Peace.*—For instructions in an action before a justice of the peace for the possession of land by a tenant who unlawfully holds over, see opinion.

SAME.—*Evidence Not in Record.—Presumption.—Appellate Procedure.*—Where the evidence is not in the record, it will be presumed that the instructions were applicable to the evidence, and that the jury were governed by the instructions.

From the Marion Superior Court.

*Bynum & Rooker*, for appellants.

*G. W. Spahr*, for appellee.

DAVIS, J.—This action was instituted on March 28, 1895, by the appellants against the appellee before a justice of the peace. In the first paragraph of the complaint the allegations in substance were that the appellants were entitled to the possession of certain real estate therein described and that the appellee unlawfully holds over and detains possession of said premises. The substance of the averments in the second paragraph of the complaint is that on March 1, 1894, the appellants leased the real estate to Perry Engle; that by said lease, a copy of which is filed with the paragraph, it was agreed that Perry Engle might sublet said premises to Grant Engle; that by the express provisions of said contract, the term thereof expired on the 1st day of March, 1895, and that ever since said day the appellee,

Grant Engle, has unlawfully held over and detained the possession of said premises. In the lease it is recited, among other things, that said appellants rent "their farm," and "that in case an agreement shall be made on or before September 1, 1894, for the extension of this lease this tenant may sow wheat on their farm for the following year." There was no answer filed to the complaint.

On the theory that this was an action by a landlord to recover possession of real estate, against a tenant who was unlawfully holding over, the justice of the peace had jurisdiction. Section 7106, R. S. 1894.

All defenses were available to the defendant without answer. Section 1528, R. S. 1894. The appellee had the right without plea to prove by parol, if he could, that the term of the lease had been extended and that such contract was in force when the action was commenced.

From a judgment in favor of the appellee this appeal is prosecuted. The only error assigned is that the court erred in overruling appellants' motion for a new trial.

The evidence is not in the record.

After the beginning of the argument the counsel for appellants requested the court to instruct the jury, if they returned a general verdict, to answer certain interrogatories then tendered by the appellants, which request was denied and also during the argument of counsel for appellee, counsel for appellants requested the court to direct the jury to return a special verdict, which request the court denied.

There was no error in either of these rulings. Sections 554 and 555, R. S. 1894. *American Fire Ins. Co.* v. *Sisk*, 9 Ind. App. 305, 319; *Sandford Tool and Fork Co.* v. *Mullen*, 1 Ind. App. 204, 208.

In the first instruction the court said, among other things, that the appellants alleged, in substance, that they were the owners of the real estate. In other respects the substance of the allegations of the complaint was correctly stated. In the second instruction the court said to the jury that the burden was upon the appellants to prove the material allegations of the complaint by a preponderance of the evidence. What the material allegations of the complaint were was not specifically stated in any instruction. The title to the real estate was not in issue. The appellants were only required to prove that they were entitled to the possession of the real estate. The presumption, against the appellants at least, is that the appellee entered into possession of the real estate under the lease referred to. If the appellee was holding possession under an extension of the lease, he was not in a position to dispute his landlord's title. On the trial, the fact that appellants were the owners of the farm described in the lease under which the appellee held possession may have been admitted or conceded. The holding over may have been under a claim of an extension of the lease. If he held over without such extension such holding over was unlawful. If he held over under an extension he may have been entitled to the possession at the date of the commencement of the suit. In the third instruction the court said that if the appellee had a right to the possession at the time the action was begun by virtue of a contract leasing said property to the appellee, that is to say that the minds of the parties had met upon such contract, then their verdict should be for the appellee, but in the fourth instruction the court clearly and explicitly instructed the jury that if no such contract existed at the time of the beginning of the action, and that the appellee was not holding possession by virtue

of such contract, then their verdict should be for the appellants. This instruction said to the jury in effect that it was not a question as to who owned the real estate, but. the sole and only question was whether the appellee at the time of the beginning of the action was in possession under the contract giving him the right to hold the same. It is true that the legal effect of the written lease was a question for the court, but the question as to whether there was an agreement for the extension of the lease was a question for the jury. Whether the minds of the parties had met on an agreement for the extension of the lease may have been the controverted question on the trial. If in fact the term of the lease had been extended, such contract of extension may have entitled the appellee to the possession at the time of the beginning of the action. The instructions are awkwardly drawn, but when considered together as an entirety, in the absence of the evidence, and in view of the presumptions in favor of the rulings of the trial court, we are not prepared to say that the jury was misled or that the appellants were injured thereby. We find no reversible error in the record.

Judgment affirmed.

Filed January 22, 1896.

### ON PETITION FOR REHEARING.

DAVIS, J.—The theory of each paragraph of the complaint is that the tenancy of appellee expired on the first of March, 1895, and that at the date of the commencement of this action, he was unlawfully holding over and detaining possession of said premises from appellants. The tenancy of appellee, under the terms of the written agreement between the appellants and Perry Engle, expired on the first day of March, unless there was an extension of the lease.

The appellee, however, had the right, under the general denial, to prove that he was not unlawfully holding over by showing that there had been an extension of the lease, or that he was in possession as tenant by virtue of some other contract with appellants.   In other words, he was not confined to mere negative proof in denial of the facts stated in the complaint, but he had the right to give evidence of independent facts inconsistent therewith which tended to meet and break down the cause of action stated in the complaint.   *Crum* v. *Yundt*, 12 Ind. App. 308.

For instance we know of no reason why appellants and appellee might not have agreed before the first of March, 1895, that he should continue to hold possession of said premises until March 1, 1896, under the terms of the Perry Engle lease, or on such other terms as may have been mutually satisfactory to the parties.   The substance of the instructions was that if appellee was in possession at the time the action was begun by virtue of a contract with appellants, leasing said property to him, their verdict should be in his favor, and that if no such contract existed their verdict should be in favor of appellants.

It is true that the court incorrectly stated in the first instruction that the appellants alleged in their complaint, among other things, that they were the "owners of said real estate," but the court did not in that or any other instruction say that it was necessary for appellants to prove such allegation.   On the contrary, the court clearly and expressly instructed the jury that they should find for the appellants, unless they found that appellee was then holding possession by virtue of a contract with appellants leasing the premises to him. Whether the evidence tended to prove an extension of

the old lease, or an independent contract of leasing, we do not know. The jury was told that to constitute a leasing, it was necessary to find that the "minds of the parties had met upon such contract," and that if appellee "was not then holding possession by virtue of such contract," they should find for appellants.

The presumption is that the instructions were applicable to the evidence, and that the jury were governed by the instructions. It is evident from the instructions, that no question of ownership was in issue, and that the burden of proving that appellants were the "owners of the real estate" was not imposed on them. If such burden had been imposed on them by the instructions, a different question would be presented. The instructions, when considered as an entirety, are, with the exception of the inaccuracy stated, correct and harmonious, and show that the dispute was whether the minds of the appellants and appellee had met on the question of leasing the premises for a term beyond the first of March, 1895. The inaccurate statement as to the allegations of the complaint, when considered in the light of what, under the instructions, the appellants were required to prove, was not calculated, in our opinion, to mislead the jury. In the absence of the evidence, our attention has been called to no error in the instructions that would justify a reversal of the judgment of the trial court.

The petition for a rehearing is therefore overruled.

Filed April 1, 1896.