## CORTRIGHT ET AL. *v.* PLACE.

[No. 11,012.   Filed June 30, 1921.   Rehearing denied October 5, 1921.   Transfer denied November 18, 1921.]

1.  APPEAL.—*Review.*—*Harmless Error.*—*Sustaining Demurrer to Answer.*—In an action to recover possession of leased premises, error, if any, in sustaining a demurrer to a paragraph of answer, was harmless, since all defenses were admissible under defendant's answer of general denial.  p. 640.

2.  LANDLORD AND TENANT.—*Option to Release.*—*Breach.*—*Right of Tenant in Possession to Damages.*—In a landlord's action for possession upon tenant's refusal to vacate after expiration of lease, the tenant cannot counterclaim for damages for breach

of landlord's agreement to give tenant the first opportunity to release, since the tenant sustains no damage until after eviction. p. 640.

From Elkhart Superior Court; *William B. Hile,* Judge.

Action by Dixon W. Place against R. E. Cortright and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Arthur L. Gilliom,* for appellants.

*Samuel Parker, Will G. Crabill, S. J. Crumpacker* and *Arthur L. May,* for appellee.

McMAHAN, J.—On May 1, 1912, appellee gave the Milton G. Smith Garage and Automobile Company a lease on the first and second stories of a certain building in the city of South Bend, which lease expired April 30, 1917. This lease was assigned to John and A. M. Russell October 28, 1913. On January 7, 1916, appellee in writing extended the lease three years, making it expire April 30, 1920, and consented that the lessees might sublet to William DeVall. On March 11, 1919, DeVall assigned the lease to appellants doing business under the name of Oldsmobile Sales Company, and on the same day appellee in writing consented to such assignment. Said instrument of assignment was signed by appellee and among other stipulations contained the following: "I further agree to paint the front of said building during the spring of 1919. Also agree to give these gentlemen the first opportunity of re-leasing the building after the expiration of this lease."

In April, 1920, appellee leased the said property to the Colfax Company. Appellants having failed to vacate the premises at the expiration of their lease, this action was commenced by appellee for possession. Appellants filed answer in two paragraphs, the first of which was a general denial. A demurrer was sustained to the second.

Appellants also filed a counterclaim and in addition to the above stated facts it is alleged: That before the expiration of said lease appellee committed a breach of said clause wherein he agreed to give them the first opportunity to re-lease, in that he entered into an agreement to rent said property to said Colfax Company and did not give appellants the first opportunity to re-lease said premises; that before the lease of appellants expired and before appellee entered into a lease with such other company appellants informed him they wished to avail themselves of the right conferred upon them by said clause, and that they would pay a reasonable rental for said premises, and began to negotiate with appellee for a lease but that appellee notwithstanding such information, and while said negotiations were pending, failed to give appellants the first opportunity to lease said premises at the rental agreed to with the said other company. That after appellants learned the rate of rent contained in said agreement with such other company, they offered to pay appellee the same rental, but that he refused to rent said premises to appellants on said terms to their damage.

A demurrer for want of facts was sustained to this counterclaim, and judgment having been rendered against appellants, they appeal and assign as error the action of the court in sustaining the demurrer to the second paragraph of their answer and to the counterclaim.

All defenses being admissible in this class of cases under the general denial, the error, if any, in sustaining the demurrer to the second paragraph of answer was harmless. What shall be said in relation to appellants' counterclaim wherein they seek damages because of the alleged failure of appellee to give them "the first opportunity of releasing?" Appellants by perfecting a term-time

appeal are still in possession of the building. There has been no interference with their enjoyment of the premises to date, and consequently no eviction. It necessarily follows that they are not under any consideration entitled to maintain an action for damages, on account of a failure on the part of appellee to carry out the agreement. The claim for damages, stated in the counterclaim, being incomplete when filed, is not available. *Pocono Ice Co.* v. *American Ice Co.* (1906), 214 Pa. St. 640. So it was held in *Rhinelander* v. *Martin* (1889), 7 N. Y. Supp. 154, in an action for rent, where the defendant filed a counterclaim for damages, the court said: "In order to maintain an action for breach of the covenant for quiet enjoyment an actual eviction, accompanied by a complete ouster from the premises must be alleged and proved. * * * If the landlord's acts be of such a character as to justify the tenant in leaving and abandoning the premises, the latter had been evicted. (See cases cited.) No eviction is alleged, hence none can be proven, and, if the counterclaim be intended to be a claim for a breach of the covenant referred to, it must fail."

There was no error in sustaining the demurrer to the counterclaim. Judgment affirmed.