### KARAS ET AL. *v.* SKOURAS ET AL.

#### [No. 11,380.   Filed December 7, 1922.]

1. APPEAL.— *Review.— Harmless Error.— Overruling Demurrer to Complaint.—Special Findings and Conclusions of Law.—* Error, if any, in overruling the demurrer to the complaint is immaterial, where there are special findings of fact and conclusions of law.  p. 100.

2. LANDLORD AND TENANT.— *Lease.—Termination.— Stipulation as to Payment of Rent.—Waiver.—*Under a lease providing that it should be lawful for lessors to repossess the premises upon default in the payment of rent, the mere fact that lessors indulged lessees for several months in their failure to pay the rent did not constitute a waiver of lessors' right to proceed under the contract for repossession because of the default.  p. 103.

3. LANDLORD AND TENANT.—*Lease.—Termination.—Default in Payment of Rent.— Notice to Quit.— Statutes.—* Under §8059 Burns 1914, §5213 R. S. 1881, where, by the terms of the contract of tenancy, rent is payable in advance and there is a default in payment of rent, no notice need be given the lessee before suit by the lessor for possession.  p. 103.

4. LANDLORD AND TENANT.— *Lease.— Termination.— Default in Payment of Rent.—Recovery of Rent Due and Possession in Same Action.—*Under a lease giving the lessors the right to repossess the premises upon default in the payment of rent, the lessors may recover both the rent due and possession of the premises in the same action.  p. 104.

5. LANDLORD AND TENANT.—*Action in Ejectment.—General Denial.—Defenses Provable.—*In an action in ejectment all defenses are provable under the general denial.  p. 104.

6. LANDLORD AND TENANT.—*Ejectment.—Default in Payment of Rent.—Evidence.—Value of Services Performed by Lessee in Payment of Rent.—*In an action by the lessors in ejectment for default in payment of rent, any payment, in whatever form made, was a legitimate defense, and it was reversible error to refuse lessees permission to show the amount and value of work performed by them in payment of rent under an agreement with lessors.  p. 104.

From Laporte Circuit Court; *James F. Gallaher,* Judge.

Action by Thomas Skouras and another against Pete Karas and another.   From a judgment for plaintiffs, the defendants appeal.  *Reversed.*

*Shively, Gilmer, Arnold & Doran* and *Dudley M. Shively,* for appellants.

*Frank H. Dunnahoo* and *Darrow & Rowley,* for appellees.

NICHOLS, C. J.—This is an appeal from a judgment of the Laporte Circuit Court in favor of appellees, granting them possession of certain premises, recovery for unpaid rents, and damages for the unlawful detention thereof.

Errors assigned are the actions of the court in overruling the demurrer to the complaint; in overruling appellants' motion for judgment in their favor at the close of appellees' evidence, in overruling the motion for a new trial, and in stating the conclusions of law.

We do not set out the pleadings or discuss the rulings of the court with reference thereto, for the reason that there are special findings of fact and conclusions of law, and any errors, therefore, in rulings

1.  on the pleadings are immaterial. *Woodward* v. *Mitchell* (1895), 140 Ind. 406, 39 N. E. 437; *Fry* v. *Hare* (1906), 166 Ind. 415, 77 N. E. 803; *Pape* v. *Randall* (1897), 18 Ind. App. 53, 47 N. E. 530; *Timmonds* v. *Taylor* (1911), 48 Ind. App. 531, 96 N. E. 331.

The facts, as disclosed by the special findings, so far as here involved are that appellees were on February 27, 1919, engaged in business as partners, in Grand Rapids, Michigan, and that they held under lease a storeroom in South Bend, Indiana, and were on said date in possession thereof under their lease and conducted therein a shoe shining parlor. On said day they rented the east half of said storeroom to appellants for a term of three years and two months, at a monthly rental of $75, payable in advance, which contract of leasing was evidenced by written lease, the terms of which, so far as here involved, were that appellees, in consideration of

the rents and covenants specified, leased to appellants the real estate involved; the said premises to be used and occupied solely for a shoe repair shop. The lease was for the term of three years and two months from April 1, 1919. In case any rent should be due and unpaid, or if default should be made in any of the covenants of the lease, then it should be lawful for appellees to repossess the said premises. Appellants agreed to pay to appellees for rent of said premises for said term the sum of $2,850, payable in monthly installments of $75 on the first day of each and every month, beginning on April 1, 1919, and continuing to and including the monthly payment due on May 1, 1922; appellants were to pay one-half of all the light and water bills due and payable on said premises during the continuance of the lease, said payments to be made when said light and water bills became due and payable by appellees to the parties furnishing the same to said premises. The lease was to terminate June 1, 1922. Thereafter appellants entered into possession of the premises, installed requisite machinery, and conducted therein a shoe repairing business. Appellants paid to appellees $75 in rent at the time of the execution of the lease, and paid no other rent until April, 1920. In January, 1920, appellant Steven Karas went to Grand Rapids, and stated to appellees that on account of poor business, appellants were unable to pay the amount of rent stipulated in the lease, and on this account appellees agreed to accept fifty dollars per month as rent for a time in the future. The evidence does not disclose how long this time was to be. For the months of April, May, June, July and August, 1920, appellants paid $50 rent for each month, which was accepted by the agent of appellees. For the month of September, 1920, a check for $50 was tendered by appellants but refused by appellees. Prior to September 20, 1920, appellee Talas went to the premises and told

the appellants that if they did not pay their rent they must get out of the room; and a day or two later appellee Talas came to said room, with his attorney, and demanded the rent at the rate of $75 per month, and possession of the room unless the full rent was paid. This suit was commenced on September 20, 1920, by the filing of the complaint. Appellants have never vacated the premises but have continued to conduct their business therein up to the present time, and are occupying said premises. Prior to the submission of this cause for trial, appellants tendered into court, for the benefit of appellees, $850, together with costs to date, which sum of money was paid in legal tender to the clerk of the court. There was no controversy in this suit as to the payment of one-half of the light and water bills on said premises by appellants, these bills having been paid by appellants to the parties furnishing the same, as provided by the lease. That the fair rental value of the premises covered by the lease in the market of South Bend, Indiana, from the date when this suit was commenced to January 1, 1922, was $75 per month.

On the foregoing facts the court stated its conclusions of law as follows:

(1) That the tenancy created by the lease was terminated by the commencement of this action on September 20, 1920.

(2) That appellees were entitled to recover as unpaid rent, under the lease, $75 per month, from April 1, 1919, to September 20, 1920, except one month paid when the lease was executed, and the five months when $50 per month was accepted by appellees, leaving the time unpaid at 11 2/3 months at $75 per month, $875.

(3) That appellees were entitled to recover from the appellants as damages, $75 per month, for the period from September 20, 1920, to January 1, 1922, during which time appellants have unlawfully held possession

of the premises, 15 1/3 months at $75 per month, $1,150.

(4) That appellees were entitled to the immediate possession of the premises and process should issue therefor.

According to the findings, it is apparent that there was unpaid rent for the period from May 1, 1919, to April 1, 1920, which was overdue, and of which appellants had not made any tender. There is nothing in the findings that shows any waiver on the part of appellees of their right to proceed under the terms of the contract to its collection or, in the event of default in its payment, to repossess themselves of the real estate in controversy. For the purpose of determining appellees' right to possession under the facts found, we do not need to consider the five months during which appellants paid but $50 per month for the use of the property, under the oral agreement to that effect, for appellants were on September 20, 1920, when suit was commenced, in default as to rent due previous to April 1, 1920.

It clearly appears by the findings that this rent was payable in installments on the first day of each month, and the mere fact that appellees indulged appellants for a few months in their failure to pay such rent did not constitute a waiver of their right to proceed under the contract for · repossession because of the default. It is expressly provided by §8059 Burns 1914, §5213 R. S. 1881, that, where by the terms of the contract rent is payable in advance and there is a default in payment, no notice to quit is required. See, also *McNatt* v. *The Grange Hall Assn., etc.* (1891), 2 Ind. App. 341, 2 N. E. 325; *Templer* v. *Muncie Lodge, etc.* (1912), 50 Ind. App. 324, 97 N. E. 546.

Appellants contend that in this action, which is essentially possessory, there can be no recovery for rent

due, but this contention is not in harmony with the authorities, and cannot be sustained.  *Whipple* v. *Shewalter* (1883), 91 Ind. 114; *Campbell* v. *Nixon* (1891), 2 Ind. App. 463, 28 N. E. 107; *Spahr* v. *Nicklaus* (1875), 51 Ind. 221.   The court did not err in its conclusions of law on its special findings of fact.

This action being in ejectment, all defenses were provable under the general denial with which the case was put at issue.   §1101 Burns 1914, §1055 R. S. 1881; *Hamline* v. *Engle* (1896), 14 Ind. App. 685, 42 N. E. 760, 43 N. E. 463; *Cortright* v. *Place* (1921), 76 Ind. App. 638, 131 N. E. 830.   Appellees claimed their right to possession because of the alleged failure of appellants to pay their rent.   Any such payment, therefore, in whatever form it may have been made, was a legitimate defense.   Appellants were permitted to show by appellant Pete Karas that they were to perform certain work for their rent and service, but were not permitted to show the amount of such work or the value thereof.   Such evidence might not only have reduced the amount of recovery, but might have defeated the cause of action by showing full payment of rentals.   For this error the judgment is reversed, with instructions to grant a new trial.