# BOARD OF COMMISSIONERS OF SULLIVAN COUNTY v. TOWN OF CARLISLE.

[No. 11,863.   Filed October 16, 1924.]

1. APPEAL.—*Error in overruling demurrer, when harmless.*— Where judgment has been rendered on conclusions of law, stated on a special finding of facts, duly requested and made, any error in overruling a demurrer to a pleading is not material.   p. 64.

2. HIGHWAYS.—*Control of repairs in municipalities.*—Since the amendment in 1917 (Acts 1917 p. 301, §7759b Burns' Supp. 1921) of §8 of the act of 1913 concerning the repair of gravel roads, the repair of county highways within cities and towns should be made by the respective municipalities, to be paid from the county gravel-road fund, on a claim filed with the county auditor as specified in the proviso added to said section, but the repairs must conform to standards established by the county highway superintendent and must be done within the prices specified in amended §5 of said act of 1913, as amended Acts 1919 p. 96, §7758 Burns' Supp. 1921.   p. 64.

From Sullivan Circuit Court; *Walter F. Wood,* Judge.

Claim by the Town of Carlisle against the board of commissioners of Sullivan county, Indiana, appealed to the Sullivan Circuit Court. From a judgment for claimant, the defendant appeals. *Reversed.*

*Lindley & Bedwell,* for appellant.
*Kessinger & Hill* and *A. G. McNabb,* for appellee.

BATMAN, J.—On April 26, 1922, Osa Johnson, as street commissioner of appellee, filed a duly verified report with the auditor of Sullivan county, Indiana, containing an itemized statement of the amounts due certain named individuals and firms for material and labor furnished and performed in making repairs on five separate improved roads within the corporate limits of appellee, which it is alleged were constructed therein by appellant pursuant to a statute providing for the construction of improved roads by taxation. This report, on being submitted to appellant, was treated as

a claim by appellee against Sullivan county for the amount shown to be due said several individuals and firms for such purpose, and was disallowed. Appellee appealed to the Sullivan Circuit Court, where issues were formed and a trial had, the court on request making a special finding of facts and stating its conclusions of law thereon. Judgment was rendered in favor of appellee. Appellant is now prosecuting this appeal, alleging that the court erred in overruling its demurrer to the complaint and in stating each of its conclusions of law.

Where a judgment has been rendered on conclusions of law, stated on a special finding of facts, duly requested and made, any errors in overruling

1, 2. demurrers to pleadings are not material. *Pape* v. *Randall* (1897), 18 Ind. App. 53; *Karas* v. *Skouras* (1922), 79 Ind. App. 99. We, therefore, proceed at once to a consideration of the alleged errors relating to the conclusions of law, stated in favor of appellee. It will be observed that by this action appellee is seeking to recover the cost of material and labor which it caused to be furnished and performed in making repairs on certain roads within its corporate limits that had theretofore been improved by appellant, pursuant to existing statutes. It should be noted that, in 1913, the legislature enacted a law "concerning the maintenance and repair of free gravel or macadam roads." Acts 1913 p. 877. Section 8 thereof provides for an annual levy of a tax, the proceeds of which to constitute a gravel-road fund in the county treasury for use in keeping free improved roads in repair. Other sections provide for the appointment of county highway superintendents and their assistants, and define their authority and duties, among which, we observe the following:

"Sec. 2. The county highway superintendent shall have general supervision of the maintenance and repair of all highways, * * * which are maintained or repaired from the gravel-road repair fund of the county * * *." Acts 1913 p. 877, §7755 Burns 1914.

"Sec. 3. The county highway superintendent shall investigate and determine the method of highway maintenance best adapted to various highways of the county under his supervision and shall establish standards for the maintenance of bridges, culverts and free gravel or macadam roads, giving due regard to the topography, condition, character and volume of traffic, availability of road repair materials, drainage, and of the financial ability of the county to pay the cost of repairs. He shall annually, on or before the first day of September of each year, make a complete itemized estimate of the cost of maintenance of his office and an estimate of the cost of repair of highways, bridges and culverts to be repaired within the county, under his supervision, during the next ensuing year and shall file the same in the office of the auditor of the county for the use of the board of commissioners who shall levy a proper tax for the purpose of raising the necessary funds to pay the expense of such proposed highway repairs * * *." Acts 1913 p. 877, §7756 Burns 1914. Prior to 1917, these provisions did not apply to the repair of free gravel or macadam roads in cities and towns, as the burden of making such repairs was placed on such municipalities by express statutory provisions. §72, Acts 1905 p. 521, as amended by §2, Acts 1909 p. 355, §1, Acts 1913 p. 514, §7721 Burns 1914. In 1917, the legislature sought to make the provisions of the act of 1913 "concerning the maintenance and repair of free gravel or macadamized roads" apply, in some measure

at least, to the portions of such roads as had been constructed within the limits of cities and towns, by adding the following proviso to section 8 thereof, by way of an amendment: *"Provided,* That the cost of the repair of any such improved road or street, or part thereof, situated in any city or incorporated town in said county * * * shall be paid by said board of commissioners out of said fund, upon duly verified claims filed with the county auditor as now provided by law, such claims to be fully itemized by showing specifically the streets, roads or parts thereof repaired and the length of such repairs in feet, with the quantity of material purchased, from whom purchased, the exact cost thereof, the names of persons performing the work, the time worked in hours by each, and when worked, and the amount due each person, which claim shall be signed and sworn to by the officer of such town or city whose duty it is to repair such streets or roads in such city or town." Acts 1917 p. 301, §7759b Burns' Supp. 1921. This proviso is not as explicit in some particulars as it should be, in this, that it does not expressly state who shall have charge of making such repairs, or determine the extent thereof, or the cost to be incurred thereby. However, in view of the fact that the control of such portions of such roads is not in terms taken from such municipalities by the act of 1917, and the express declaration in the amendatory act of 1919 that, after such improvements are made, the municipalities shall have control of the same (Acts 1919 p. 829, §7721 Burns' Supp. 1921), we are of the opinion that the legislature intended that the repairs mentioned in the proviso quoted above should be made by the municipalities through their proper officers, as is indicated by the concluding portion thereof. But we cannot bring ourselves to believe that the legislature intended thereby to give towns and cities unlimited discretion as to the extent,

character and cost of such repairs. If such a discretion existed, it would give each municipality of a county in which any such improved road is located a free hand in exhausting the gravel-road fund, provided in said amended §8, Acts 1917 p. 301, *supra,* for the repair of all of the improved roads of the county, which is necessarily of a limited amount, being based on the estimated annual needs therefor, as made by the county highway superintendent, and produced by a levy not exceeding one cent on each one hundred dollars of taxable property for every ten miles of free gravel, macadam or other improved road completed in such county. Construing the proviso quoted above from said amended §8, Acts 1917 p. 301, *supra,* in connection with all of the other provisions of the act of which it is a part, some of which we have hereinbefore cited or quoted, we are constrained to hold that the repairs of improved roads in municipalities which may be made at the expense of the counties in which they are situated, and paid from the gravel-road fund thereof, as provided in said amended section, must conform to and be limited by the standards established by the respective county highway superintendents, as provided in §3 of the act of 1913, Acts 1913 p. 877, *supra,* and must be done within the prices specified by statute, as appears in amended section 5 of said act of 1913. Acts 1919 p. 96, §7758 Burns' Supp. 1921.

Turning now to the special finding of facts in the instant case, we note that the court failed to find that the repairs in question conformed to the standards established by the county highway superintendent, and were made within the prices specified therefor by statute. Nor is there even a finding that the repairs made were necessary for the preservation of the roads, or the safe and convenient use thereof, or that a claim for the cost thereof was filed with the county auditor,

containing all the essential facts provided in said amended section 8, Acts 1917 p. 301, *supra.* For these reasons, we hold that the court erred in stating each of its conclusions of law. Judgment reversed, with instructions to grant a new trial, and for further proceedings consistent with this opinion.