**KENWAL STEEL CORP., Appellant,**

v.

**John M. SEYRING, Appellee.**

No. 45A03–0806–CV–294.

Court of Appeals of Indiana.

March 25, 2009.

Philip E. Kalamaros, Hunt Suedhoff Kalamaros, LLP, St. Joseph, MI, Attorney for Appellant.

David R. Phillips, Valparaiso, IN, Attorney for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Kenwal Steel Corp. ("Kenwal") appeals the denial of its motion to dismiss John Seyring's negligence action for lack of subject matter jurisdiction. We reverse.

### Issues

The parties raise three issues, which we consolidate and restate as:

I. whether Elwood Staffing ("Elwood") and Kenwal were joint employers for purposes of Indiana Code Section 22–3–6–1(a); and

II. whether a term of the contract between Elwood and Kenwal amounted to Kenwal's waiver of the exclusive remedy provision of the Indiana Worker's Compensation Act ("the Act").

### Facts

In 2004, Seyring was hired by Elwood, a company that places temporary employees.[1] In July 2005, Seyring was placed at Kenwal's Burns Harbor facility and assigned to be a "Slitter Helper." App. p. 98. On April 25, 2006, Seyring was injured in an accident involving the "pinch point" of the machine he was operating.

---

1. In his affidavit, Martin Seward, an officer for Kenwal, stated "Seyring was employed by Elwood Staffing, an *employee leasing company*, and was working at Kenwal as a temporary employee." App. p. 66 (emphasis added). However, nothing in the contract between Kenwal and Elwood expressly defines Elwood as a lessor of employees or Kenwal as a lessee of employees.

As a result of his injuries, Seyring filed a worker's compensation claim against Elwood. On October 19, 2007, Seyring also filed a complaint alleging in part that Kenwal was negligent. On December 5, 2007, default judgment was entered against Kenwal. On December 7, 2007, Kenwal moved to set aside the default judgment. On December 27, 2007, Seyring objected to Kenwal's motion to set aside default judgment. On January 14, 2008, Kenwal filed a motion to dismiss and a reply brief in support of its motion to set aside default judgment. On March 26, 2008, Seyring responded to Kenwal's motion to dismiss. On April 14, 2008, Kenwal replied. On April 25, 2008, the trial court held a hearing on Kenwal's motion to set aside and motion to dismiss. On April 28, 2008, the trial court granted Kenwal's motion to set aside and denied its motion to dismiss. Kenwal sought an interlocutory appeal of the denial of the motion to dismiss, and this appeal ensued.

## Analysis

### I. *Joint Employers*

Kenwal challenged Seyring's complaint for negligence by filing a motion to dismiss. In support of this motion, Kenwal argued in part that because Seyring was a temporary employee, Elwood and Kenwal were joint employers pursuant to Indiana Code Section 22–3–6–1. According to Kenwal's argument, as Seyring's joint employer and not a third-party tortfeasor, the Act provides the exclusive remedy for Seyring's injuries. *See GKN Co. v. Magness,* 744 N.E.2d 397, 401–02 (Ind.

2001) (citing Ind.Code §§ 22–3–2–6 & 22–3–2–13).

When an employer defends against an employee's negligence claim on the basis that the employee's exclusive remedy is to pursue a claim for benefits under the Act, the defense is properly advanced through a motion to dismiss for lack of subject matter jurisdiction under Indiana Trial Rule 12(B)(1). *Id.* at 399. "In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support." *Id.* The trial court may also weigh the evidence to determine the existence of the requisite jurisdictional facts. *Id.*

The facts surrounding this question are not in dispute. The question of subject matter jurisdiction is purely one of law. *Id.* at 401. "Under those circumstances no deference is afforded the trial court's conclusion because 'appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law.'" *Id.* (quoting *Bader v. Johnson,* 732 N.E.2d 1212, 1216 (Ind. 2000)). Thus, our review of the trial court's ruling on the motion to dismiss is de novo. *See id.*

Indiana Code Section 22–3–6–1(a) defines "employer" for purposes of the Act and provides in part, "Both a lessor and a lessee of employees shall each be considered joint employers of the employees provided by the lessor to the lessee for purposes of IC 22–3–2–6 and IC 22–3–3–31." [2]

---

**2.** Indiana Code Section 22–3–2–6 is the exclusive remedy provision of the Act. Indiana Code Section 22–3–3–31 requires joint employers to contribute to the payment of compensation for injuries or death in proportion to their wage liability. This section also provides "that nothing in this section shall prevent any reasonable arrangements between such employers for a different distribution as between themselves of the ultimate burden of compensation." I.C. § 22–3–3–31. The contract between Kenwal and Elwood explains that the rate at which Elwood bills Kenwal includes worker's compensation insurance.

Kenwal argues, "Within the context of the Act, temporary employees are equated to leased employees." Appellant's Br. p. 8. Seyring agrees that if he is considered a leased employee, the trial court would not have subject matter jurisdiction over the case. *See* Appellee's Br. p. 6. Seyring asserts, however, that "temporary employee" and "leased employee" are mutually exclusive terms of art that are not interchangeable.

There is little authority on this point. In the past we have evaluated whether an employee-employer relationship exists under a test that involves the weighing of seven factors: "(1) right to discharge; (2) mode of payment; (3) supplying tools or equipment; (4) belief of the parties in the existence of an employer-employee relationship; (5) control over the means used in the results reached; (6) length of employment; and, (7) establishment of the work boundaries." *Magness*, 744 N.E.2d at 402. We have noted, " 'dual employment' issues in the worker's compensation context have had a tendency to generate fractured rulings from Indiana's courts. The ad hoc balancing of seven different factors does not seem to lead to predictable results in these types of cases." *Wishard Memorial Hosp. v. Kerr*, 846 N.E.2d 1083, 1088 (Ind.Ct.App.2006). Kenwal, in what it calls a "belt and suspenders" approach, argues that it was Seyring's employer under both the Indiana Code Section 22–3–6–1(a) definition of employer and

the seven-factor test. This appears to be the first time we have been presented with a joint employer argument in the context of Indiana Code Section 22–3–6–1(a). Therefore, we must determine whether—using the statutory language—Elwood was the lessor of Seyring and Kenwal was the lessee of Seyring so as to create a joint employer relationship for purposes of Indiana Code Section 22–3–6–1(a).

 "When courts set out to construe a statute, the goal is to determine and give effect to the intent of the legislature." *Cooper Industries, LLC v. City of South Bend*, 899 N.E.2d 1274, 1283 (Ind. 2009). The first place courts look for evidence is the language of the statute itself. *Id.* We strive to give the words their plain and ordinary meaning. *Id.* "We examine the statute as a whole and try to avoid excessive reliance on a strict literal meaning or the selective reading of individual words." *Id.* "We presume the legislature intended the language used in the statute to be applied logically, consistent with the statute's underlying policy and goals, and not in a manner that would bring about an unjust or absurd result." *Id.*

 Seyring suggests that when the Legislature modified this part of Indiana Code Section 22–3–6–1(a) in 2001,[3] it was presumably aware of an Internal Revenue Code definition of "leased employee." *See* 26 U.S.C.A § 414(n)(2).[4] Even presuming

---

3. When this provision was added to Indiana Code Section 22–3–6–1(a) in 2000, it read, "A parent or a subsidiary of a corporation or a lessor of employees shall be considered to be the employer of the corporation's, the lessee's, or the lessor's employees for purposes of IC 22–3–2–6."

4. This section provides:
 Leased employee.—For purposes of paragraph (1), the term "leased employee" means any person who is not an employee of the recipient and who provides services to the recipient if—
 (A) such services are provided pursuant to an agreement between the recipient and any other person (in this subsection referred to as the "leasing organization"),
 (B) such person has performed such services for the recipient (or for the recipient and related persons) on a substantially full-time basis for a period of at least 1 year, and

the Legislature was aware of this definition, it did not reference it in Indiana Code Section 22–3–6–1(a). This lack of reference is especially important given that other provisions of this same statute specifically refer to the United States Internal Revenue Service and the Internal Revenue Code. It is just as important to recognize what the statute does not say as it is to recognize what it does say. *See Mitchell v. Mitchell*, 875 N.E.2d 320, 324 (Ind.Ct. App.2007), *trans. denied.* In the absence of a specific reference to 26 U.S.C. § 414(n)(2), we will not impute this definition of leased employee into Indiana Code Section 22–3–6–1(a).

Further supporting our conclusion that the 26 U.S.C. § 414(n)(2) definition does not apply to Indiana Code Section 22–3–6–1(a) is the fact that 26 U.S.C. § 414 appears to address deferred compensation plans, including pensions, profit-sharing, and stock bonus plans. There is no indication that this provision deals with worker's compensation law. Accordingly, we decline Seyring's request to define a leased employee based on a single provision of the Internal Revenue Code.

Seyring also points to the definitions provided by the Indiana Compensation Rating Bureau ("ICRB") and legislation governing Professional Employer Organizations ("PEOs") for guidance as to who is the lessor or lessee of an employee under Indiana Code Section 22–3–6–1(a). Although the ICRB uses the terms "employee leasing" and "PEO" and the PEO legislation uses the terms "PEO" and "temporary help service," both the ICRB and the PEO legislation pertain to insur-ance law. Neither the ICRB's nor the PEO legislation's use of the various terms clarifies whether Kenwal was a lessor of employees for purposes of Indiana Code Section 22–3–6–1(a).[5]

As Kenwal asserts, the "Guide to Indiana Worker's Compensation," a handbook published by the Worker's Compensation Board, is instructive in our determination of whether Seyring is considered a leased employee for purposes of Indiana Code Section 22–3–6–1(a). The guide contains a section titled "Temporary and Leased Employees," which provides:

> As employers, all employee leasing services and temporary agencies are required by Ind.Code §§ 22–3–2–5, 22–3–5–1, and 22–3–5–5 to maintain worker's compensation coverage for all employees. Proof of coverage is required to be furnished to the Worker's Compensation Board.
>
> *Worker's compensation coverage is required even though leased and temporary employees may not be directly supervised by officials of the leasing firm or temporary service. While in some cases the business where the temporary employee is filling in may arrange for worker's compensation coverage for employees leased from a temporary agency, the temporary agency may ultimately be liable if no insurance policy is in place and the agency is found to be the employer of the leased worker.*

Effective July 1, 2000, the General Assembly added language distinguishing between the lessor and the lessee of temporary workers, as to which entity is

---

(C) such services are performed under primary direction or control by the recipient. 26 U.S.C. § 414(n).

**5.** In fact, in describing the difference between PEOs and employee leasing, the ICRB's public information website acknowledges, "The term 'employee leasing' means different things to different people and has been, and continues to be, used in many diverse contexts." Http://sharepoint.icrb.net/public/Compclues/details.aspx?Item=151 (last visited Feb. 24, 2009).

the employer. IC 22–3–6–1(a).[6] In such a situation the leasing company should verify from the lessee (company at which the temp will work) that a worker's compensation policy is continuously in place by requesting a certificate of insurance from the lessee.

Hrtp://www.in.gov/wcb/handbook/ HANDBK2007.htm (last viewed Feb. 24, 2009) (emphasis added) (italics omitted).

Generally, we employ a deferential standard of review to the interpretation of a statute by an administrative agency charged with its enforcement in light of its expertise in the given area. *Christopher R. Brown, D.D.S., Inc. v. Decatur County Memorial Hosp.*, 892 N.E.2d 642, 646 (Ind.2008). The emphasized language shows that the Worker's Compensation Board uses the terms "leased" and "temporary" interchangeably. Giving deference to the analysis in the Guide, we believe that Indiana Code Section 22–3–6–1(a)'s reference to the "lessor" and "lessee" of employees was not intended to be a term of art that excludes temporary employees as Seyring argues. Instead, we conclude that Elwood was the lessor of Seyring, Kenwal was the lessee of Seyring, and they were joint employers of Seyring for purposes of Indiana Code Section 22–3–6–1(a).

Such an interpretation is consistent with the underlying policy and goals of the Act, which is designed for the benefit of employees. *See Mayes v. Second Injury Fund*, 888 N.E.2d 773, 777 (Ind.2008). "[T]he underlying purposes of the Act include providing an expeditious and adequate remedy for workers injured in work-related accidents and ensuring 'a more certain remedy for the injured worker.'" *Brown*, 892 N.E.2d at 650 (quotations omitted). Treating the lessors and lessees of temporary employees as joint employers eliminates uncertainty regarding whether an employee is covered under the Act and avoids potentially extensive litigation for employers and employees under the seven-factor test.

Further, although the Act should not be used to immunize third-party tortfeasors from liability for negligence that results in serious injuries to one who is not in their employ, *Magness*, 744 N.E.2d at 404, it is the prerogative of the Legislature to definitively establish that the lessees of temporary employees are joint employers and not third-party tortfeasors.[7] Accordingly, Seyring is limited to the exclusive remedy provision of the Act.[8]

## II. Waiver of Exclusive Remedy Provision

Seyring also argues, based on a term of Kenwal's contract with Elwood, that Kenwal waived the exclusive remedy provision of the Act. The term of the contract upon which Seyring relies provides:

12. CLIENT agrees to provide a safe and suitable workplace for Elwood Staff-

6. We note that this language is the pre-2001 amendment language of the statute. Nevertheless, it does not affect our analysis of whether the Worker.s Compensation Board distinguishes between leased employees and temporary employees for purposes of Indiana Code Section 22–3–6–1(a).

7. This interpretation also eliminates the potential for disparate treatment between a permanent employee and a temporary employee who do the same job and suffer the same injuries in an accident. If we were to hold otherwise, the permanent employee would re-

cover only under the Act while the temporary employee could possibly recover under the Act (because of the employment relationship with the temporary agency) and still pursue a negligence action against the company hiring the temporary employee by alleging it was a third-party tortfeasor, not a joint employer.

8. Because of this holding, we need not analyze the employment relationship between Kenwal and Seyring under the seven-factor test.

ing employees, and shall be solely responsible for complying with all applicable federal and state occupational safety and health laws and regulations, including training, supplying protective equipment and providing information, warnings, and safety instructions.

App. p. 120.

■ Even assuming that Seyring is a third-party beneficiary of the contract and that an employer can waive the exclusive remedy provision of the Act by "expressly assuming duties towards [Seyring] beyond those implied in the employer/employee relationship[,]" Seyring has not established that Kenwal waived its rights. Appellee's Br. p. 15. "Waiver is the intentional relinquishment of a known right; an election by one to forego some advantage he might have insisted upon." *Lafayette Car Wash, Inc. v. Boes*, 258 Ind. 498, 501, 282 N.E.2d 837, 839 (1972). This term of the contract makes no reference to worker's compensation, let alone the exclusive remedy provision of the Act. Nothing in this term of the contract can be construed to suggest that Kenwal *intentionally* relinquished its right to enforce the exclusive remedy provision of the Act. Kenwal did not waive its right to enforce the exclusive remedy provision of the Act.

### Conclusion

For purposes of Indiana Code Section 22–3–6–1(a), Elwood and Kenwal are joint employers of Seyring, and Seyring is limited to the exclusive remedy provision of the Act. Further, Kenwal did not intentionally waive its right to enforce the exclusive remedy provision of the Act. We reverse.

Reversed.

BAILEY, J., and MATHIAS, J., concur.