# FOR PUBLICATION

ATTORNEY FOR APPELLANTS:

**JASON R. DELK**
Delk McNally LLP
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**THOMAS R. SCHULTZ**
**BRANDON M. KIMURA**
Schultz & Pogue, LLP
Indianapolis, Indiana

FILED
Aug 26 2014, 9:49 am

CLERK
of the supreme court,
court of appeals and
tax court

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LOUISE FRONTZ, Guardian of the Person and Estate of Brian O'Neal Frontz, and BRIAN FRONTZ, | ) ) ) ) | |
| Appellants-Plaintiffs, | ) ) | |
| vs. | ) ) | No. 05A04-1307-PL-364 |
| MIDDLETOWN ENTERPRISES, INC., d/b/a SINCLAIR GLASS, | ) ) ) ) | |
| Appellee-Defendant. | ) ) | |

APPEAL FROM THE BLACKFORD SUPERIOR COURT
The Honorable J. Nicholas Barry, Judge
Cause No. 05D01-1208-PL-238

**August 26, 2014**

**OPINION – FOR PUBLICATION**

**MAY, Judge**

Brian Frontz appeals summary judgment for Middletown Enterprises, Inc., d/b/a Sinclair Glass ("Middletown"), on Frontz's action to hold Middletown liable for his personal injuries. Frontz asserts the court erred in determining his lawsuit was prohibited by the exclusive remedy provision of the Indiana Worker's Compensation Act.[1] We affirm.

## FACTS AND PROCEDURAL HISTORY

Frontz was an employee of Wimmer Temporaries, Inc. ("Wimmer"), a professional employment agency that provides temporary workers to other businesses. Wimmer was responsible for compensating employees and maintaining worker's compensation insurance on the employees, while the other businesses agreed to pay Wimmer within ten days of an invoice and to not hire employees away from Wimmer within specified time frames.

On August 6, 2010, Wimmer assigned Frontz to Middletown. On August 11, while Frontz was performing services for Middletown in the Sinclair Glass factory, he was subjected to extreme heat in a confined space. Frontz was taken to a hospital where it was discovered that his body temperature was over 104 degrees. Doctors diagnosed him with severe heat stroke, resulting in multiple organ failure and permanent injuries.

Frontz filed a Worker's Compensation claim against both Wimmer and Middletown as his employers, and he also filed this lawsuit against both Wimmer and

---

[1] "The rights and remedies granted to an employee [under the Worker's Compensation Act] on account of personal injury or death by accident shall exclude all other rights and remedies of such employee . . . on account of such injury or death, except for remedies available under IC 5-2-6.1." Ind. Code § 22-3-2-6.

Middletown. In this lawsuit, Wimmer and Middletown both moved for summary judgment on the ground Worker's Compensation is an employee's exclusive remedy for on-the-job accidents. Frontz agreed to dismiss Wimmer from this action and asserted he intended to remove Middletown from his Worker's Compensation claim.

The court granted summary judgment for Middletown in an order that explained:

> [A]t the time that Brian Frontz was employed by Wimmer Temporaries, Inc. and placed by Wimmer Temporaries at Middletwon [sic] Enterprises, Inc. as a temporary employee, Frontz was "leased" by Wimmer to Middletown Enterprises. Therefore, the Court is finding that Wimmer Temporaries was the lessor and Middletown Enterprises the lessee which makes . . . both joint employers of Frontz. Based on the joint employment of the plaintiff, the Court is finding that the Indiana Worker's Compensation [Act] is the exclusive remedy of the employee Brian Frontz as the temporary/leased employed [sic] by Middletown Enterprises. Accordingly, the Court finds summary judgment shall be entered on the behalf of the defendant, Middletown Enterprises, Inc. under Indiana Trial Rule 56.

(App. at 9.)

## DISCUSSION AND DECISION

Summary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The moving party bears the burden of making a *prima facie* showing there are no genuine issues of material fact and it is entitled to judgment as a matter of law. *Bhd. Mut. Ins. Co. v. Michiana Contracting, Inc.*, 971 N.E.2d 127, 131 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*. If the moving party meets its burden, then the non-movant has the burden to provide "specifically-designated

3

facts showing that there is a genuine issue of material fact for trial." *Id.* A genuine issue of material fact exists when the facts relevant to an issue that would dispose of the litigation are disputed or where undisputed material facts could support conflicting inferences on a dispositive issue. *Id.*

On appeal, we apply the same standard as the trial court. *Id.* We may consider only evidence designated to the trial court, and we "liberally construe the non-movant's designated evidence to ensure he is not improperly denied his day in court." *Id.*

The Worker's Compensation Act is the exclusive remedy against an employer for an employee injured while working. *See* Ind. Code § 22-3-2-6 ("The rights and remedies granted to an employee [under the Worker's Compensation Act] on account of personal injury or death by accident shall exclude all other rights and remedies of such employee . . . on account of such injury or death, except for remedies available under IC 5-2-6.1."). The trial court entered judgment for Middletown after finding it, along with Wimmer, was Frontz's joint employer.

The Act contemplates that an employee might be injured while "in the joint service of two (2) or more employers." Ind. Code § 22-3-3-31. Both employers are responsible for contributing to the worker's "compensation in proportion to their wage liability," unless the employers have made other reasonable arrangements between themselves. *Id.* With regard to that statute, Ind. Code § 22-3-3-31, our Indiana Supreme Court explained:

Where two employers "so associate themselves together that both are in

4

direct control of the employee and he is made accountable to both, he will be considered an employee of both employers . . . ." Determining whether an employer-employee relationship exists ultimately is a question of fact. In making this determination, the fact-finder must weigh a number of factors, none of which is dispositive. This Court has identified the most important of those as: (1) right to discharge; (2) mode of payment; (3) supplying tools or equipment; (4) belief of the parties in the existence of an employer-employee relationship; (5) control over the means used in the results reached; (6) length of employment; and, (7) establishment of the work boundaries.

*GKN Co. v. Magness*, 744 N.E.2d 397, 402 (Ind. 2001).

Frontz argues the trial court erred in finding Middletown was his joint employer without applying that seven-factor test for determining the existence of an employer-employee relationship.[2] We disagree.

Our Supreme Court decided *GKN* in March of 2001. Effective July 1, 2001, our legislature amended the definition of "Employer" for purposes of the Worker's Compensation Act, found in Ind. Code § 22-3-6-1(a), to include the following language: "Both a lessor and a lessee of employees shall be considered joint employers of the employees provided by the lessor to the lessee for purposes of IC 22-3-2-6 and IC 22-3-3-31." 2001 Ind. Legis. Serv. P.L. 202-2001 (H.E.A. 1553) (2001).

Temporary employees are leased employees, such that both lessors and lessees of temporary employees are joint employers for purposes of the Worker's Compensation Act. *Kenwal Steel Corp. v. Seyring*, 903 N.E.2d 510, 515 (Ind. Ct. App. 2009). As we explained therein:

---

[2] Frontz also asserts that, if the court had applied the seven-factor test, it would have found that Middletown was not his employer. As we hold the trial court was not required to apply the seven-factor test, we need not determine what the result of such an analysis might be.

> [W]e believe that Indiana Code Section 22-3-6-1(a)'s reference to the "lessor" and "lessee" of employees was not intended to be a term of art that excludes temporary employees . . . .
>
> [Holding lessors and lessees of temporary employees to be joint employers] is consistent with the underlying policy and goals of the Act, which is designed for the benefit of employees. "The underlying purposes of the Act include providing an expeditious and adequate remedy for workers injured in work-related accidents and ensuring a more certain remedy for the injured worker. Treating the lessors and lessees of temporary employees as joint employers eliminates uncertainty regarding whether an employee is covered under the Act and avoids potentially extensive litigation for employers and employees under the seven-factor test.
>
> Further, although the Act should not be used to immunize third-party tortfeasors from liability for negligence that results in serious injuries to one who is not in their employ, it is the prerogative of the Legislature to definitively establish that the lessees of temporary employees are joint employers and not third-party tortfeasors.

*Id.* Based thereon, we held a temporary employee's exclusive remedy against both its employer and the company to which he was leased was the Worker's Compensation Act. *Id.*

The trial court relied on *Kenwal* in deciding that Wimmer and Middletown were joint employers of Frontz because Wimmer, as a professional employment agency that provides temporary workers to other businesses, was the lessor and Middletown was the lessee of Frontz. Frontz invites us to reconsider our decision in *Kenwal*, but we decline his invitation. We, therefore, hold the trial committed no error when it determined Middletown was a joint employer of Frontz pursuant to Ind. Code § 22-3-6-1(a). *See id.*

Finally, Frontz argues interpreting the term "leased employees" to include "temporary employees," as we did in *Kenwal*, renders Ind. Code § 22-3-6-1(a)

6

unconstitutional as applied. For a statute to be unconstitutional as applied, the statute must confer a different privilege or harm to a subset of a facially homogeneous class. *Roberts v. ACandS, Inc.*, 873 N.E.2d 1055, 1060 (Ind. Ct. App. 2007). As was explained in *Kenwal*:

> This interpretation also eliminates the potential for disparate treatment between a permanent employee and a temporary employee who do the same job and suffer the same injuries in an accident. If we were to hold otherwise, the permanent employee would recover only under the Act while the temporary employee could possibly recover under the Act (because of the employment relationship with the temporary agency) and still pursue a negligence action against the company hiring the temporary employee by alleging it was a third-party tortfeasor, not a joint employer.

*Kenwal Steel Corp.*, 903 N.E.2d at 515 n.7. Frontz had the burden to rebut our presumption of the statute's constitutionality, *see Roberts*, 873 N.E.2d at 1059-60, and he has not met that burden. *See id.* at 1062 (holding a liability release was not unconstitutional as applied).

No genuine issue of material fact precluded entry of judgment as a matter of law for Middletown, nor did the *Kenwal* interpretation render Ind. Code § 22-3-6-1(a) unconstitutional as applied. Accordingly, we affirm.

Affirmed.

VAIDIK, C.J., and RILEY, J., concur.